LAURA E. DUFFY
United States Attorney
WILLIAM P. COLE
CAROLINE P. HAN
Assistant U.S. Attorneys
California State Bar Nos. 186772/250301
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7859/557-5220
William.P.Cole@usdoj.gov
Caroline.Han@usdoj.gov

Attorneys for Respondent
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10CR4246-JM |
| Plaintiff, | RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS FOR DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS |
| v. | |
| BASAALY SAEED MOALIN (1), ISSA DOREH (3), | |
| Defendants. | Date: December 3, 2010<br>Time: 11:00 am<br>Hon. Jeffrey T. Miller |

COMES NOW the UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, William P. Cole and Caroline P. Han, Assistant United States Attorneys, and respectfully submits the following Response and Opposition to Defendants' Motions for Discovery and for Leave to File Further Motions.

**I**

**STATEMENT OF FACTS**

**A.  The Indictment**

On October 22, 2010, a federal grand jury returned an Indictment charging defendants Basaaly Saeed Moalin ("Moalin"), Mohamed Mohamed Mohamud ("Mohamud"), and Issa Doreh ("Doreh") with one count of conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A, one count of conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B, one count of conspiracy to kill in a foreign country, in violation of 18 U.S.C. §956, and one count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956.  In addition, defendant Moalin was also charged with one count of providing material support to terrorists, in violation of 18 U.S.C. § 2339A.

**B.  Factual Summary**

Moalin, Mohamud and Doreh conspired to provide money to al-Shabaab, a violent and brutal militia group in Somalia. The U.S. Department of State designated al-Shabaab as a foreign terrorist organization on February 26, 2008.  Al-Shabaab has used assassinations, improvised explosive devices, rockets, mortars, automatic weapons, suicide bombings and other tactics of intimidation and violence to undermine Somalia's Transitional Federal Government and its supporters.

In late 2007 through early 2008, Moalin was in direct telephone contact with Aden Hashi Ayrow, a prominent

1  military leader of al-Shabaab.  Ayrow requested money from
2  Moalin, who then coordinated fund-raising efforts and money
3  transfers with Mohamud and Doreh.
4      The money that was raised was sent to Somalia using
5  Shidaal Express, a money remitting business and hawala which
6  operated in San Diego until 2009.  Hawalas are alternative
7  money remittance systems that consist of a network of money
8  brokers who transfer funds on behalf of customers to
9  recipients in other countries.  While hawalas made be
10 licensed to operate in the United States and may use United
11 States financial accounts to make monetary transfers and
12 remittances overseas, they also operate with a reduced and
13 less formal paper trail and among trusted connections.  When
14 the defendants sent money to al-Shabaab or other insurgent
15 groups, they often provided false names for the senders and
16 recipients.
17     Moalin also provided a house in Somalia, knowing the
18 house would be used in preparation for, and to carry out,
19 a conspiracy to kill persons in a foreign country.  After
20 Ayrow's death on May 1, 2008, the conspirators continued to
21 transfer money from San Diego to Somalia to fund terrorist
22 activities.

## II

### DISCOVERY MOTION

25     The United States has produced approximately 56 pages,
26 3 CDs, 3 DVDs to defendant Moalin; approximately 42 pages,
27 2 CDs, and 2 DVDs to defendant Mohamud; and approximately
28 42 pages, 2 CDs, and 1 DVD to defendant Doreh.  The United

States expects to produce approximately 1200 telephone calls and transcripts of over 100 telephone calls in the coming weeks.

A. **The United States Will Disclose Information Subject to Disclosure under Rule 16(a)(1)(A) and (B) of the Federal Rules of Criminal Procedure**

The United States will provide each defendant with his own statements, as provided by Rule 16(a)(1)(A) and (B).

B. **The United States Will Comply with Rule 16(a)(1)(E)**

The United States will permit defendants Moalin, Mohamud, and Doreh to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings or places, or portions thereof, which are within the possession, custody, or control of the United States, and which are material to the preparation of the defendants' defenses or are intended for use by the United States as evidence-in-chief at trial or were obtained from or belong to the defendants. In fact, the United States has already informed the defendants that certain items are available for their inspection upon request. In addition, the United States has already permitted defendant Moalin to inspect items recovered from his home pursuant to a search warrant.

Defendants Moalin and Doreh have also moved for the United States to provide them with documents and other tangible objects which are intended for use by the United States in rebuttal. Rule 16 does not require the disclosure by the prosecution of evidence it intends to use in

rebuttal. United States v. Givens, 767 F.2d 574 (9th Cir. 1984), cert denied, 474 U.S. 953 (1985).

   C.   Brady and Henthorn Material

The United States will perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment, as well as its duty under Giglio v. United States, 405 U.S. 150 (1972), to provide information on any benefits provided to the United States' witnesses in exchange for their testimony. Additionally, the United States will examine the personnel records of any government personnel who will testify at trial and provide such material as the defense may be entitled to receive under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

   D.   Witness Lists, Names, and Addresses

There is no requirement in a non-capital case for the United States to supply the defendant with a list of witnesses it expects to call at trial. The United States objects to providing any such list at this time, and also objects to any request for the names and addresses of witnesses that the United States may or may not call at trial. Criminal convictions of witnesses, known to the United States, will be disclosed prior to the witnesses' testimony.

//
//

  E. <u>The Defendants Are Not Entitled to the Disclosure of Witness Statements Prior to the Witness Testifying on Direct Examination at Trial</u>

Production of witness statements in governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only upon timely motion after the witness testifies on direct examination. <u>See</u> <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 (9th Cir. 1986); <u>United States v. Mills</u>, 641 F.2d 785, 790 (9th Cir. 1981). Even material believed to be exculpatory and therefore subject to disclosure under the <u>Brady</u> doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. <u>See</u> <u>United States v. Bernard</u>, 623 F.2d 551, 556 (9th Cir. 1979).

  F. <u>Giglio Information and Agreements Between the Government and Witnesses</u>

An agreement that the Government makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under <u>Brady</u> and <u>Giglio</u>. <u>See</u> <u>United States v. Kojayan</u>, 8 F.3d 1315, 1322-23 (9th Cir. 1993); <u>Benn v. Lambert</u>, 238 F.3d 1040, 1054-60 (9th Cir. 2002). The United States will comply with its <u>Giglio</u> obligation.

  G. <u>Motion Pursuant to Rule 12(b)(4)(B)</u>

Defendants Moalin and Doreh have sought "notice of the government's intention to use any evidence (in its case-in-chief at the trial) which defendants may be entitled to suppress." The United States hereby notifies defendants

Moalin, Mohamud, and Doreh that the United States intends to use in its case-in-chief at trial all evidence which the defendants are entitled to receive in discovery under Rule 16, subject to any relevant limitations.

    H.   404(b) Evidence

The Government will disclose in advance of trial the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b). Evidence should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime charged are "inextricably intertwined." See United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

    I.   Defendants' General Discovery Requests

To the extent that the defendants' general discovery requests exceed the scope of Rule 16 and Brady, the United States objects to the requests.

### III

### MOTION FOR LEAVE TO FILE FURTHER MOTIONS

The United States does not oppose defendants Moalin and Doreh filing further motions if they are based on new discovery or other information not available to the defendants at the time of motion hearing on this motion.

//

//

# IV

# **CONCLUSION**

For the foregoing reasons, the United States requests that the Court deny the defendants' motions, except where unopposed.

Dated: November 24, 2010.

>Respectfully submitted,
>
>LAURA E. DUFFY
>United States Attorney
>
>s/Caroline P. Han
>CAROLINE P. HAN
>WILLIAM P. COLE
>Assistant U.S. Attorneys
>
>Attorneys for Plaintiff
>United States of America

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |

```
UNITED STATES OF AMERICA,      )    Case No. 10CR4246-JM
                               )
            Plaintiff,         )
                               )
       v.                      )
                               )    CERTIFICATE OF SERVICE
BASAALY SAEED MOALIN (1),      )
ISSA DOREH (3),                )
                               )
            Defendants.        )
_____)
```

IT IS HEREBY CERTIFIED THAT:

   I, CAROLINE P. HAN, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

   I am not a party to the above-entitled action. I have caused service of Response and Opposition to Defendants' Motions for Discovery and for Leave to File Further Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   1. Marc Geller
      Attorney for defendant Moalin
   2. Kenneth Troiano
      Attorney for defendant Doreh

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on November 24, 2010.

                              s/Caroline P. Han
                              CAROLINE P. HAN