```
 1  LAURA E. DUFFY
    United States Attorney
 2  WILLIAM P. COLE
    CAROLINE P. HAN
 3  Assistant United States Attorney
    Cal. State Bar No. 186772/250301
 4  Federal Office Building
    880 Front Street, Room 6293
 5  San Diego, California  92101-8893
    Telephone: (619) 557-7859
 6  Email:   William.P.Cole@usdoj.gov
             Caroline.Han@usdoj.gov
 7
    Attorneys for Plaintiff
 8  United States of America
```

                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

                    **(HONORABLE JEFFREY T. MILLER)**

| UNITED STATES OF AMERICA, | ) Crim. Case No. 10CR4246-JM |
|---|---|
| Plaintiff, | ) JOINT MOTION FOR ORDER |
|  | ) EXCLUDING TIME UNDER THE |
| v. | ) SPEEDY TRIAL ACT |
| BASAALY SAEED MOALIN (1), | ) |
| MOHAMED MOHAMED MOHAMUD (2), | ) |
| ISSA DOREH (3), | ) |
| AHMED NASIR | ) |
|    TAALIL MOHAMUD (4), | ) |
| Defendants. | ) |

Plaintiff United States of America, and defendants Basaaly Saeed Moalin, Mohamed Mohamed Mohamud, Issa Doreh, and Ahmed Nasir Taalil Mohamud hereby jointly move the Court for an order: (1) finding the above-captioned case to be unusual and complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii); and (2) excluding time under 18 U.S.C. § 3161(h)(7)(A) from April 7, 2011, to June 16, 2011.

//

//

In support of said motion, the parties jointly state as follows:

1. On January 14, 2011, a federal grand jury returned a Superseding Indictment charging defendants Basaaly Saeed Moalin ("Moalin"), Mohamed Mohamed Mohamud ("Mohamud"), Issa Doreh ("Doreh"), and Ahmed Nasir Taalil Mohamud ("Nasir") with conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A, conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B, conspiracy to kill in a foreign country, in violation of 18 U.S.C. § 956, and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956. In addition, Moalin is charged with one count of providing material support to terrorists, in violation of 18 U.S.C. § 2339A.

2. Among other things, the Government has provided in discovery copies of approximately 1800 audio intercepts, and English translations for all or part of over 125 audio intercepts. The audio intercepts are almost entirely in the Somali language.

3. Title 18, United States Code, Section 3161(h)(7) excludes delay resulting from a continuance when the court finds that the "ends of justice served by taking [that] action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in deciding whether to grant such a continuance is:

> Whether the case is so unusual or so complex, due to the number of defendants,

> the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii); <u>United States v. Lewis</u>, 611 F.3d 1172, 1175 (9th Cir. 2010).

4.  Several factors make this case both unusual and complex.  First, the case involves electronic surveillance under FISA.  Second, the intercepts are in the Somali language.  There are far fewer Somali linguist resources available than, for example, Spanish-language resources. Third, the intercepts are voluminous.  Fourth, defense counsel for three out of the four defendants have only recently made their appearances in the case.  Fifth, the charges are serious: they involve allegations of conspiring to kill in a foreign country and conspiracy to provide material support to terrorists.  Sixth, this is a multi-defendant case. Counsel cannot adequately prepare for pretrial proceedings or for the trial itself within the time limits otherwise established by the Speedy Trial Act.

5.  Accordingly, the parties jointly move the Court to exclude time from April 7, 2011, to the next hearing date on June 16, 2011, on the grounds that the case is so unusual and complex that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.  On June 16, 2011, and at future hearings, the parties can address the Court as to

what additional continuances may be appropriate under the Speedy Trial Act.[1/]

DATED: April 27, 2011

Respectfully submitted,

| | |
|---|---|
| LAURA E. DUFFY<br>United States Attorney | Linda Moreno, P.A. |
| | s/Linda Moreno |
| s/William P. Cole<br>WILLIAM P. COLE<br>CAROLINE P. HAN | LINDA MORENO<br>Attorney for Defendant<br>Mohamed Mohamed Mohamud |
| Attorneys for Plaintiff<br>United States of America | |
| Law Offices of<br>Joshua Dratel | Law Offices of<br>Holly S. Hanover |
| s/ Joshua Dratel | s/Holly S. Hanover |
| JOSHUA DRATEL | HOLLY HANOVER |
| Attorney for Defendant<br>Basaaly Saeed Moalin | Attorney for Defendant<br>Ahmed Nasir Taalil Mohamud |
| Law Offices of<br>Ahmed Ghappour | |
| s/Ahmed Ghappour | |
| AHMED GHAPPOUR | |
| Attorney for Defendant<br>Issa Doreh | |

---

[1/] Because an "ends of justice" continuance "must be specifically limited in time," Lewis, 611 F.3d at 1176, the parties presently seek to exclude time until the next scheduled hearing date of June 16, 2011.

4