UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 10cr4246 JM |
| Plaintiff, | ) | |
| v. | ) | PROTECTIVE ORDER |
| | ) | |
| BASAALY SAEED MOALIN (1), | ) | |
| Defendants. | ) | |

This matter comes before the Court upon the parties' Joint Motion for Protective Order to prevent the unauthorized use, disclosure or dissemination of classified national security information and documents that will be reviewed by or made available to, or are otherwise in the possession of, defense counsel in this case.

Pursuant to the authority granted under section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2006) ("CIPA"); the Security Procedures established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA § 9) (hereinafter the "Security Procedures"); the Federal Rules of Criminal Procedure 16(d) and 57; the general supervisory authority of the Court; and, in order to protect the national security,

/ / /

/ / /

IT IS HEREBY ORDERED:

1. The Court finds that this case will involve classified national security information, the storage, handling, and control of which, by law or regulation, requires special security precautions, and access to which requires a security clearance and a need-to-know.

2. The purpose of this Protective Order ("Order") is to establish the procedures that must be followed by all counsel of record, their designated employees, all other counsel involved in this case, translators for the defense, and all other individuals who receive access to classified information or documents in connection with this case.

3. The procedures set forth in this Order and CIPA shall apply to all pre-trial, trial, post-trial, and appellate aspects of this case; and may be modified from time to time by further order of the Court acting under Federal Rules of Criminal Procedure 16(d), sections 3 and 9 of CIPA, and this Court's inherent supervisory authority to ensure a fair and expeditious trial.

<u>Definitions</u>

4. As used herein, the terms "classified national security information and documents," "classified information," "classified documents," and "classified material" refer to:

   A. Any classified document or information that has been classified by any Executive Branch agency in the interest of national security or pursuant to Executive Order 13526, as amended, or its predecessors, as "CONFIDENTIAL," or "SECRET" or "TOP SECRET" or any information contained in or derived from such documents;

   B. Any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which has been derived from a United States Government classified document, information, or material;

   C. Classified information conveyed verbally to defense counsel;

   D. Any document or information, including verbal information, which the defense counsel have been notified orally or in writing contains classified information;

   E. Any information, regardless of place or origin and including "foreign government information" as that term is defined in Executive Order 13526, as amended, or its predecessors, or that

1  refers or relates to national security or intelligence matters, that could reasonably be believed to contain
2  classified information.
3       5.   The words "documents," "information," and "material" shall include, but are not limited
4  to, all written or printed matter of any kind, formal or informal, including originals, conforming copies
5  and non-conforming copies (whether different from the original by reason of notation made on such
6  copies or otherwise), and further include, but are not limited to:
7            A.   Papers, correspondence, memoranda, notes, letters, reports, summaries, photo-
8  graphs, maps, charts and graphs, interoffice and intra-office communications, notations of any sort
9  concerning conversations, meetings or other communications, bulletins, teletypes, telegrams and
10 telefacsimiles, invoices, worksheets and drafts, alterations, modifications, changes, and amendments of
11 any kind to the foregoing;
12           B.   Graphic records or representations of any kind, including but not limited to
13 photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and
14 motion pictures;
15           C.   Electronic, mechanical or electric records of any kind, including but not limited to
16 tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or
17 disks, and all manner of electronic data processing storage; and
18           D.   Any form of document reflecting information acquired orally or verbally.
19      6.   "Access to classified information" means having access to, reviewing, reading, learning
20 or otherwise coming to know in any manner any classified information.
21      7.   "Secure Area" shall mean a physical facility approved by the Court Information Security
22 Officer for the storage, handling, and control of classified information.
23      8.   All classified documents or material and the information contained therein shall remain
24 classified unless the documents or material bear a clear indication that they have been declassified by the
25 agency or department that is the originating agency (hereinafter the "Originating Agency") of the
26 document, material, or information contained therein.
27      9.   <u>Classified Information Security Officer</u>.  In accordance with the provisions of CIPA and
28 the Security Procedures, the Court designates Winfield S. Slade as Classified Information Security

Officer ("CISO") for this case, and Jennifer H. Campbell, Branden M. Forsgren, Christine E. Gunning, Daniel O. Hartenstine, Joan B. Kennedy, Maura L. Peterson, Michael P. Macisso, Carli V. Rodriguez-Feo and Harry J. Rucker as Alternate Classified Information Security Officers for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified information to be made available in connection with this case. Defense counsel shall seek guidance from the CISO with regard to appropriate storage, handling, transmittal, and use of classified information.

10. <u>Government Attorneys</u>. The Court has been advised that the Government attorneys working on this case, Assistant United States Attorneys William P. Cole and Caroline P. Han, and Department of Justice, National Security Division, Counterterrorism Section Trial Attorneys Steven P. Ward and S. Elisabeth Poteat, and their respective supervisors (collectively referred to hereinafter as the "Government Attorneys"), have the requisite security clearances for access to the classified information that relates to this case.

11. <u>Protection of Classified Information</u>. The Court finds that, in order to protect the classified information involved in this case, only the Government Attorneys, appropriately cleared Department of Justice employees, personnel of the Originating Agency, defense counsel, employees of defense counsel, or translators employed by defense counsel, shall have access to the classified information in this case.

　　A.　Defense counsel, employees of defense counsel or defense translators may obtain access to classified documents or information only if such person has:

　　　　1.　Received the necessary security clearance at the appropriate level of classification, through or confirmed by the Classified Information Security Officer;

　　　　2.　Received permission of the Court, either through this Order (for those named or listed in paragraph 12 below) or by a separate Court order upon showing of a need-to-know.

　　　　3.　Signed the Memorandum of Understanding (MOU) in the form attached hereto, agreeing to comply with the terms of this Order.

1       B.     Before receipt of any classified information, defense counsel shall file originals of the
2 executed MOU with the Court and CISO under seal and serve executed originals of such document upon
3 the Government.

4       C.     The substitution, departure or removal for any reason from this case of counsel for a
5 defendant, or anyone associated with the defense as an employee or otherwise, shall not release that
6 person from the provisions of this Order or the Memorandum of Understanding executed in connection
7 with this Order; and

8     12.    <u>Defense Counsel</u>.  Subject to the provisions of paragraph 11, the following attorney(s) for
9 the defense and their approved employee(s) and translator(s) (collectively referred to hereinafter as "the
10 Defense"), shall be given access to classified information as required by the Government's discovery
11 obligations: Thomas Durkin, Linda Moreno, Joshua Dratel, Alice Fontier and Ahmed Ghappour.  Any
12 additional person whose assistance the Defense reasonably requires may have access to classified
13 information in this case only after obtaining from the Court -- with sufficient notice to the Government --
14 an approval for access to the appropriate level of classification on a need-to-know basis, and after
15 satisfying the other requirements described in this Order for access to classified information. The CISO
16 will expeditiously process any additional applications for security clearances necessitated under the
17 provisions of this paragraph.

18     13.    <u>Secure Area of Review</u>.  The CISO shall arrange for an appropriately approved Secure
19 Area for use by the Defense.  The CISO shall establish procedures to assure that the Secure Area is
20 accessible to the Defense during normal business hours and at other times upon reasonable request as
21 approved by the CISO in consultation with the U.S. Marshals Service.  The Secure Area shall contain a
22 separate working area for the Defense, and will be outfitted with any secure office equipment requested
23 by the Defense that is reasonable and necessary to the preparation of the defense in this case.  The CISO,
24 in consultation with defense counsel, shall establish procedures to assure that the Secure Area may be
25 maintained and operated in the most efficient manner consistent with the protection of classified
26 information.  No documents or other material containing classified information may be removed from
27 the Secure Area unless authorized by the CISO. The secure area shall not be accessible to the Govern-
28 ment Attorneys. The CISO shall not reveal to the Government the content of any conversations he or she

may hear among the Defense, nor reveal the nature of documents being reviewed by them, nor the work generated by them. In addition, the presence of the CISO shall not operate to waive, limit, or otherwise render inapplicable, the attorney-client or work product privilege.

14. <u>Filings with the Court</u>. Until further order of this Court, any motion, memorandum, or other document filed by the Defense that defense counsel knows, or has reason to believe, contains classified information in whole or in part, or any document the proper classification of which defense counsel is unsure, shall be filed under seal with the Court through the CISO or his designee. Any pleading filed under seal with the CISO, or his designee, shall be marked:

>
> Filed With The Classified Information Security Officer
>
> In Camera Under Seal

and shall include an introductory statement that it is being filed under seal pursuant to this Order, but need not be accompanied by a separate motion to seal. The date and time of physical submission to the CISO or his designee shall be considered as the date and time of court filing. The CISO shall promptly examine the document and, in consultation with representatives of the appropriate Government agencies, determine whether the document contains classified information. If the CISO determines that the document contains classified information, he or she shall ensure that the classified portions of the document, and only those portions, are marked with the appropriate classification marking and that the document remains under seal. All portions of any document filed by the Defense that do not contain classified information shall immediately be unsealed by the CISO and placed in the public record. The CISO shall make arrangement for the prompt delivery under seal to the Court and counsel for the Government any document to be filed by the Defense that contains classified information. At the time of making a physical submission to the CISO, or his designee, defense counsel shall file on the public record in the CM/ECF system a notice of filing. The notice should contain only the case caption and an unclassified title of the filing.

15. Any document filed by the Government containing classified information, or which the Government has reason to believe contains classified information, shall be filed under seal with the

Court through the CISO or his designee.  Pleadings filed under seal with the CISO, or his designee, shall be marked:

>     Filed With The Classified
>     Information Security
>     Officer
>
>     In Camera
>     Under Seal

and shall include in the introductory paragraph a statement that the item is being filed under seal pursuant to this Order, but need not be accompanied by a separate motion to seal.  The date and time of physical submission to the CISO shall be considered the date and time of filing.  Unless the pleading is filed "EX PARTE," the CISO shall make arrangement for the prompt delivery under seal to the Court and defense counsel any document to be filed by the Government that contains classified information.  At the time of making a physical submission to the CISO, or his designee, defense counsel shall file on the public record in the CM/ECF system a notice of filing.  The notice should contain only the case caption and an unclassified title of the filing.

16.     <u>Sealing of Records</u>: The CISO shall maintain a separate sealed record for those pleadings containing classified materials and retain such record for purposes of later proceedings or appeal.

17.     <u>Access to Classified Information</u>. The Defense shall have access to classified information only as follows:

A.     All classified information produced by the Government to the Defense, in discovery or otherwise, and all classified information possessed, created or maintained by the Defense, shall be stored, maintained and used only in the Secure Area established by the CISO;

B.     The Defense shall have free access to the classified information made available to them in the Secure Area, and shall be allowed to take notes and prepare documents with respect to those materials;

C.     The Defense shall not copy or reproduce any classified information in any form except with the approval of the CISO, or in accordance with the procedures established by the CISO for the operation of the Secure Area;

D.     All documents prepared by the Defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information,

1  shall be transcribed, recorded, typed, duplicated, copied or otherwise prepared only by persons who have
2  received an appropriate approval for access to classified information, and in the Secure Area on
3  approved word processing equipment, and in accordance with the procedures approved by the CISO.  All
4  such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, electronic
5  media , exhibits, etc.) containing classified information shall be maintained in the Secure Area, unless
6  and until the CISO determines that those documents or associated materials are unclassified in their
7  entirety.  None of these materials shall be disclosed to counsel for the Government;

       E.     The Defense shall discuss classified information only within the Secure Area or in another area authorized by the CISO and shall not discuss or attempt to discuss classified information over any standard commercial telephone instrument, office intercommunication system, or any other method of communication not specifically authorized by the CISO; and

       F.     The Defense shall not disclose, without prior approval of the Court, any classified information to any person not authorized pursuant to this Order, including the defendants and defense witnesses, except the Court, court personnel, and the Government Attorneys who have been identified by the CISO as having the appropriate clearances and the need-to-know that information.  Counsel for the Government shall be given an opportunity to be heard in response to any request by the Defense for disclosure of classified information to a person not named in this Order.  Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to this Order, and to comply with all terms and conditions of this Order.  If preparation of the Defense requires that classified information be disclosed to persons not named in this Order, then, upon approval by the Court and upon prior notice to the Government, the CISO shall promptly seek to obtain security clearances for them at the request of defense counsel.

18.   Procedures for the use or disclosure of classified information by the Defense in any manner in connection with any trial or pretrial proceeding shall be those provided in sections 5, 6 and 8 of CIPA and this Protective Order.  To facilitate Defense filings of notices required under CIPA Section 5, the CISO shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information either within the possession of the Defense or about which

the Defense has knowledge and which the Defense intends to use in any way at any trial or pretrial proceeding. Nothing submitted by the Defense to the CISO pursuant to this paragraph shall be made available to counsel for the Government unless so ordered by the Court, or so designated by the Defense. Should the CISO confirm that the material or information is classified and the Defense intend to use such classified information, the Defense shall file a CIPA Section 5 notice. The Defense shall not use, disclose or cause to be disclosed any classified information in any manner in connection with any trial or pretrial proceeding contrary to this Order or other order of this Court, unless and until the procedures under CIPA have been followed or waived by the Government in writing.

19. Information in the public domain is ordinarily not classified. However any confirmation, corroboration, or denial of such information that is based on classified information is subject to the provisions of CIPA. Therefore, any attempt by defendants or defense counsel to elicit such a confirmation, corroboration, or denial at trial, or in connection with any pre-trial or other proceeding in this case, shall be governed by CIPA and this Order.

20. <u>Violations of this Order</u>. Unauthorized use or disclosure of classified information may constitute violations of United States criminal laws. In addition, violation of the terms of this Order shall be immediately brought to the attention of the Court, and may result in a charge of contempt of Court and possible referral for criminal prosecution. Any breach of this Order may result in the termination of a person's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized use, disclosure, retention or negligent handling of classified information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States, or may be used to the advantage of a foreign nation against the interests of the United States. This Order is to ensure that those authorized to receive classified information will never divulge the classified information disclosed to them to anyone who is not authorized to receive it, or otherwise use the classified information without prior written authorization from the Originating Agency and in conformity with this Order.

21. All classified information to which the Defense has access in this case is now and will remain the property of the Government. The defense counsel, defense counsel employees, defense translators, and anyone else who receives classified information pursuant to this Order shall return all

such classified information in their possession obtained through discovery from the Government in this case or for which they are responsible because of access to classified information, upon demand of the CISO. The notes, summaries and other documents prepared by the Defense that do or may contain classified information shall remain at all times in the custody of the CISO for the duration of this case. At the conclusion of all proceedings, including any final appeals, all such notes, summaries and other documents are to be destroyed by the CISO in the presence of defense counsel if so requested.

22. <u>Declassified Information</u>. As used herein, the term "declassified information" refers to any and all classified information, which may be declassified pursuant to the procedures outlined in CIPA and this Order. Any declassified information will be treated by the defense as "Sensitive Discovery" under the Amended Protective Order entered February 25, 2011.

23. Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to CIPA and/or Rule 16(d) as to particular items of discovery material.

24. A copy of this Order shall be issued forthwith to counsel for the defendants, who shall be responsible for advising the defendants and defense counsel employees of the contents of this Order.

IT IS SO ORDERED.

DATED: September 17, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge