1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,              )        Case No. 10cr4246-JM
11                                     )
                        Plaintiff,     )        ORDER DENYING JOINT MOTION
12              v.                     )        TO TAKE VIDEO DEPOSITION OF
                                       )        FARAH SHIDANE
13   BASAALY MOALIN et al.,            )
                                       )
14                     Defendants.     )
                                       )
15                                     )
                                       )
16

17      Defendants jointly renew their motion to take the video deposition of a potential witness, Farah

18   Shidane, pursuant to Fed.R.Crim.P. 15.  The Government opposes the motion.  For the reasons set forth

19   below, the court denies the motion.

20                                    **BACKGROUND**

21      The court incorporates its August 22, 2012 Order Denying Joint Motion to Take Rule 15

22   Depositions ("Order") as if fully set forth herein.[1]  (Ct. Dkt. 181).  The court supplements that Order

23   with the following.

24      After the issuance of the Order, the court referred the parties to Magistrate Judge William V.

25

26      [1] As the court and the parties know, although the initial motion for Rule 15 depositions was
27   denied on the basis of the initial request for the depositions to proceed in Somalia, the court denied the
     motion without prejudice to reconsideration of the matter assuming certain security conditions were
     met.  In laying out such a "roadmap," the court was confident the depositions could proceed within the
28   parameters ultimately agreed  upon.  The commitment of Magistrate Judge Gallo was indispensable
     to this outcome and, of course, the parties are to be commended for the cooperation they demonstrated.

1  Gallo to discuss the Rule 15 depositions.  Following discussions with all parties on August 23, August

2  30, and September 5, 2012, the parties agreed, and Judge Gallo ordered, the depositions to proceed in

3  Djibouti under his supervision.  (Ct. Dkt. 189).  The order extended to eight proposed witnesses,

4  including Farah Shidane, a citizen of Djibouti and resident of Somalia as well as an unindicted co-

5  conspirator.  The Order for Witness Depositions also provided:

6         It is further Ordered that depositions will be taken only of the witnesses who
        voluntarily present themselves in Djibouti with valid visas on the specified dates.  There
7       will not be another opportunity for these witnesses to be deposed.  Defense counsel
        shall notify the witnesses sufficiently in advance of the location and dates of the
8       depositions so that they are able to take the necessary arrangements to obtain visas and
        travel to Djibouti.
9

10  (Ct. Dkt. 189 at p.1:22-26).  On September 21, 2012, this court appointed Judge Gallo as special master

11  for purposes of the Rule 15 depositions.  (Ct. Dkt. 199).   All proposed deponents appeared at the

12  depositions supervised by Judge Gallo except Farah Shidane.

13         On October 26, 2012, the Defendants jointly moved for an order compelling the Government

14  to provide "safe passage" letters for each of the eight proposed deponents.  (Ct. Dkt. 213 at p.2:2-3).

15  On October 29, 2012, Judge Gallo denied the Defendants' joint motion for letters of "safe passage."

16  (Ct. Dkt. 216).  Defendants then jointly filed Objections to the order denying "safe passage" for Farah

17  Shidane.  In their motion Defendants provided to the court a copy of an email, purportedly from John

18  Cline, counsel for Mr. Shidane.  In its entirely, the email states:

19         Counsel: I spoke just now at some length with Farah Yare through the London
        translator.  Because the United States government is unwilling to guarantee him safe
20      passage to and from Djibouti, and because the court has declined to order that safe
        passage be given, Mr. Yare will not come to Djibouti for the deposition.
21

22  (Ct. Dkt. 220-2).  On November 8, 2012, the court denied Defendants' joint motion for safe passage

23  for Farah Shidane.  (Ct. Dkt. 223).

24         As scheduled, the depositions went forward before Judge Gallo in Djibouti between November

25  12 and November 15, 2012.  Farah Shidane did not appear at the time of his deposition.  Defendants

26  now seek to take the videotaped deposition of Farah Shidane.  The Government opposes the motion.

27                                    **DISCUSSION**

28         In general, Rule 15 provides that the court may grant a request to preserve testimony for trial

2                                                          10cr4246

1  "because of exceptional circumstances and in the interest of justice." Fed.R.Crim.P. 15(a)(1).  To

2  satisfy Rule 15's "exceptional circumstances" requirement, the moving party generally must

3  demonstrate that the witness will not be available to testify at trial and (2) the witness's testimony is

4  material.  See United States v. Jefferson, 594 F.Supp.2d 655, 665 (E.D. Va.2009).  For the reasons set

5  forth below, the  court denies the motion for the videotaped deposition of Farah Shidane.

6  <u>Preliminary Considerations</u>

7  The court notes that this is not a case where Defendants were denied the opportunity to take Mr.

8  Shidane's deposition.  Rather, Mr. Shidane voluntarily chose not to appear at the time of his deposition.

9  There is no evidence before the court to suggest that the Government interfered in any manner with Mr.

10  Shidane's ability to appear at his deposition.  As a Djibouti citizen, travel in that country did not require

11  a visa for Mr. Shidane.[2]  Moreover, the mere fact that Mr. Shidane is identified as an unindicted co-

12  conspirator in this action does not alter Rule 15's requirements of exceptional circumstances and

13  interests of justice,[3] requirements that Defendants fails to establish.

14  <u>Timeliness</u>

15  For the reasons set forth in this court's August 22, 2012 Order, the request for a video

16  deposition is untimely.  (Ct. Dkt. 181).  Furthermore, the untimeliness of the request, coming about

17  seven weeks before trial and one week before the filing of the motions in limine, has only increased

18  with the passage of time.  Accordingly, the motion is untimely.

19  <u>Interests of Justice</u>

20  Principles of reliability, trustworthiness and fundamental fairness weigh against the videotaped

21  deposition.  See Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct., S.D. Iowa, 482

22  U.S. 522 (1987).  As noted in the Order:

23  Defendants contend that an oath will be administered by a Somali magistrate and
    subject to cross-examination by Government counsel.  There is no evidence before the

24  _____

25  [2] The court notes that there is no extradition treaty between the United States and Djibouti.  See
    18 U.S.C. §3181.

26

27  [3] While the focus of this discussion is on Mr. Shidane's failure to appear at his deposition, the
    more appropriate inquiry under Rule 15 is whether the witness is available for trial, and not whether

28  the witness consented to deposition.   For purposes of Rule 15, as set forth in this court's previous
    order, Shidane is "unavailable."

1  court that the methods proposed by Defendants are either reliable or trustworthy.  There
2  is no showing that an oath in Somalia has the same meaning as an oath in this country
   (or one subject to the Hague convention).  There is no showing that an oath in Somalia
3  is subject to penalties of perjury and judicial process like those available in the United
   States.  In fact, due to civil unrest in Somalia, there does not appear to be any significant
4  functioning executive or judicial process in Somalia.   As noted on the State
   Department's website, "there is no organized system of criminal justice in Somalia, nor
5  is there any recognized or established authority to administer a uniform application of
   due process.  Enforcement of criminal law is, therefore, haphazard to nonexistent."
6  (Jacobson Decl. ¶10).  In sum, this factor or reliability and trustworthiness of the
   proposed depositions strongly disfavors Rule 15 depositions in Somalia.

7  (Order at p.10:5-17).

8      While Defendants cite several authorities for the proposition that a video deposition comports

9  with the Confrontation Clause, e.g. United States v. McKeeve, 131 F.3d 1, 8-9 (1st Cir. 1997) (finding

10 exceptional circumstances to permit videotaped deposition taken before a British magistrate in

11 England): United States v. Medjuck, 156 F.3d 916, 920 (9th Cir. 1998) (finding exceptional

12 circumstances to admit three videotaped depositions taken in Canada); United States v. Sapse, 2011

13 WL 1576898, *5 (D. Nev. 2011), these authorities do not discuss the reliability and trustworthiness of

14 depositions taken in countries without a functioning executive or judicial process.

15     In United States v. Banki, 2010 WL 1063452 (S.D.N.Y. March 23, 2010), the defendant sought

16 to take the video depositions of several Iranian citizens, including some United States citizens who

17 were living in Iran.  The defendant established extraordinary circumstances (unavailability and

18 materiality of the testimony) but the district court determined that "there is no way to ensure

19 truth-telling as the Government cannot prosecute the witnesses for perjury or for the making of false

20 statements.  Without the teeth of the penalty of perjury, the oath becomes nothing more than an empty

21 recital. Thus, the strongest indicator of the reliability of a witness' testimony—the oath—is effectively

22 absent here."  Id. at *2.  Without the penalty of perjury, the district court noted that "the witnesses are

23 essentially free to say anything without reprisal."  Id. at *3.

24     Here, as in Banki, not only is Mr. Shidane able to provide false testimony without any

25 repercussions, but the Government would be deprived of the ability "to directly observe the witnesses'

26 demeanor, body language, and interactions in order to gauge the truth of their statements." Id.  In light

27 of the failure to establish procedures to establish the trustworthiness and reliability of Mr. Shidane's

28 proposed testimony, the court denies the motion.

1        In sum, the court concludes that Defendants fail to establish that it is in the interests of justice

2   to take the video deposition of Mr. Shidane.

3        **IT IS SO ORDERED.**

4   DATED:  December 10, 2012

5                                                    _____
                                                     Hon. Jeffrey T. Miller
6                                                    United States District Judge

    cc:            All parties
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28