# FINAL JURY INSTRUCTIONS

### CASE No. 10CR4246-JM

### USA v. MOALIN, ET AL

### TRIAL: JANUARY 28, 2013

# JURY INSTRUCTION NO. 1

# DUTY TO FOLLOW LAW

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW WHICH APPLIES TO THIS CASE. A COPY OF THESE INSTRUCTIONS WILL BE AVAILABLE IN THE JURY ROOM FOR YOU TO CONSULT.

IT IS YOUR DUTY TO WEIGH AND TO EVALUATE ALL THE EVIDENCE RECEIVED IN THE CASE AND, IN THAT PROCESS, TO DECIDE THE FACTS. IT IS ALSO YOUR DUTY TO APPLY THE LAW AS I GIVE IT TO YOU TO THE FACTS AS YOU FIND THEM, WHETHER YOU AGREE WITH THE LAW OR NOT.  YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE AND THE LAW AND MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR DISLIKES, OPINIONS, PREJUDICES, OR SYMPATHY.  YOU WILL RECALL THAT YOU TOOK AN OATH TO DO SO AT THE BEGINNING OF THE CASE.

YOU MUST FOLLOW ALL INSTRUCTIONS AND NOT SINGLE OUT

Ninth Circuit Model Criminal Jury Instructions  §3.1 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 1

SOME AND IGNORE OTHERS; THEY ARE ALL IMPORTANT. PLEASE DO NOT READ INTO THESE INSTRUCTIONS OR INTO ANYTHING I MAY HAVE SAID OR DONE ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN—THAT IS A MATTER ENTIRELY UP TO YOU.

Ninth Circuit Model Criminal Jury Instructions  §3.1 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al                                        Page 2

## JURY INSTRUCTION NO. 2

## CHARGE AGAINST DEFENDANT NOT EVIDENCE -- PRESUMPTION OF INNOCENCE-- BURDEN OF PROOF

THE DEFENDANTS ARE ACCUSED IN AN INDICTMENT WITH MULTIPLE COUNTS OF CRIMINAL CONDUCT.

COUNT 1 CHARGES EACH DEFENDANT WITH CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO TERRORISTS, IN VIOLATION OF 18 U.S.C. §2339 A;

COUNT 2 CHARGES EACH DEFENDANT WITH CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION IN VIOLATION OF 18. U.S.C §2339B;

COUNT 3 CHARGES EACH DEFENDANT WITH CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS, IN VIOLATION OF 18 U.S.C. §

1956(A)(2)(A) AND (H);


COUNT 4 CHARGES DEFENDANT BASAALY SAEED MOALIN WITH PROVIDING AND ATTEMPTING TO PROVIDE MATERIAL SUPPORT TO TERRORISTS IN VIOLATION OF 18 U.S.C. § 2339A; AND,


COUNT 5 CHARGES DEFENDANTS BASAALY SAEED MOALIN, MOHAMED MOHAMED MOHAMUD AND ISSA DOREH WITH PROVIDING AND ATTEMPTING TO PROVIDE MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION IN VIOLATION OF 18 U.S.C. §2339B.


THE INDICTMENT IS NOT EVIDENCE. THE DEFENDANTS HAVE PLEADED NOT GUILTY TO THE CHARGES. THE DEFENDANTS ARE PRESUMED TO BE INNOCENT UNLESS AND UNTIL THE GOVERNMENT PROVES THE DEFENDANTS GUILTY BEYOND A REASONABLE DOUBT. IN ADDITION, THE DEFENDANTS DO NOT HAVE TO TESTIFY OR PRESENT ANY EVIDENCE TO PROVE INNOCENCE. THE GOVERNMENT HAS THE

**BURDEN OF PROVING EVERY ELEMENT OF THE CHARGES BEYOND A**

**REASONABLE DOUBT.**

# JURY INSTRUCTION NO. 3

## DEFENDANT'S DECISION NOT TO TESTIFY

A DEFENDANT IN A CRIMINAL CASE HAS A CONSTITUTIONAL RIGHT NOT TO TESTIFY. YOU MAY NOT DRAW ANY INFERENCE OF ANY KIND FROM THE FACT THAT A DEFENDANT DID NOT TESTIFY.

Ninth Circuit Model Criminal Jury Instructions §3.3 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 6

# JURY INSTRUCTION NO. 4

# REASONABLE DOUBT -- DEFINED

PROOF BEYOND A REASONABLE DOUBT IS PROOF THAT LEAVES YOU FIRMLY CONVINCED THAT THE DEFENDANT IS GUILTY.  IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.

A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON SENSE AND IS NOT BASED PURELY ON SPECULATION.  IT MAY ARISE FROM A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, OR FROM LACK OF EVIDENCE.

IF AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT A DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THAT DEFENDANT NOT GUILTY.  ON THE OTHER HAND, IF AFTER A CAREFUL

Ninth Circuit Model Criminal Jury Instructions §3.5 (2010 Ed.)

Jury Instructions, <u>U.S.A. v. Moalin, et al</u>

**AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE**

**CONVINCED BEYOND A REASONABLE DOUBT THAT A DEFENDANT IS**

**GUILTY, IT IS YOUR DUTY TO FIND THAT DEFENDANT GUILTY.**

Ninth Circuit Model Criminal Jury Instructions §3.5 (2010 Ed.)

Jury Instructions, <u>U.S.A. v. Moalin, et al</u>                                                      Page 8

# JURY INSTRUCTION NO. 5

# WHAT IS EVIDENCE

THE EVIDENCE FROM WHICH YOU ARE TO CONSIDER IN DECIDING

WHAT THE FACTS ARE CONSISTS OF:

(1) THE SWORN TESTIMONY OF ANY WITNESS; [AND]

(2) THE EXHIBITS RECEIVED IN EVIDENCE; AND

(3) ANY FACTS TO WHICH THE PARTIES HAVE AGREED.

Ninth Circuit Model Criminal Jury Instructions §3.6 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 9

# JURY INSTRUCTION NO. 6

# WHAT IS NOT EVIDENCE

IN REACHING YOUR VERDICT YOU MAY CONSIDER ONLY THE TESTIMONY AND EXHIBITS RECEIVED INTO EVIDENCE.  THE FOLLOWING THINGS ARE NOT EVIDENCE AND YOU MAY NOT CONSIDER THEM IN DECIDING WHAT THE FACTS ARE:

1.     QUESTIONS, STATEMENTS, OBJECTIONS AND ARGUMENTS BY THE LAWYERS ARE NOT EVIDENCE.  THE LAWYERS ARE NOT WITNESSES.  ALTHOUGH YOU MUST CONSIDER A LAWYER'S QUESTIONS TO UNDERSTAND THE ANSWERS OF A WITNESS, THE LAWYER'S QUESTIONS ARE NOT EVIDENCE.  SIMILARLY, WHAT THE LAWYERS HAVE SAID IN THEIR OPENING STATEMENTS, WILL SAY IN THEIR CLOSING ARGUMENTS AND AT OTHER TIMES IS INTENDED TO HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE.  IF THE FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS HAVE

Ninth Circuit Model Criminal Jury Instructions §3.7 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 10

STATED THEM, YOUR MEMORY OF THEM CONTROLS.

2.      ANY TESTIMONY THAT I HAVE EXCLUDED, STRICKEN OR INSTRUCTED YOU TO DISREGARD IS NOT EVIDENCE.  IN ADDITION, SOME EVIDENCE WAS RECEIVED ONLY FOR A LIMITED PURPOSE; WHEN I HAVE INSTRUCTED YOU TO CONSIDER CERTAIN EVIDENCE IN A LIMITED WAY, YOU MUST DO SO.

3.      ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT IN SESSION IS NOT EVIDENCE. YOU ARE TO DECIDE THE CASE SOLELY ON THE EVIDENCE RECEIVED AT THE TRIAL.

Ninth Circuit Model Criminal Jury Instructions §3.7 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 11

# JURY INSTRUCTION NO. 7

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

EVIDENCE MAY BE DIRECT OR CIRCUMSTANTIAL. DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY BY A WITNESS ABOUT WHAT THAT WITNESS PERSONALLY SAW OR HEARD OR DID. CIRCUMSTANTIAL EVIDENCE IS INDIRECT EVIDENCE, THAT IS, IT IS PROOF OF ONE OR MORE FACTS FROM WHICH YOU COULD FIND ANOTHER FACT.

YOU ARE TO CONSIDER BOTH DIRECT AND CIRCUMSTANTIAL EVIDENCE. EITHER CAN BE USED TO PROVE ANY FACT. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.

Ninth Circuit Model Criminal Jury Instructions §3.8 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

# JURY INSTRUCTION NO. 8

# CREDIBILITY OF WITNESSES

IN DECIDING THE FACTS IN THIS CASE, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE.  YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, OR PART OF IT, OR NONE OF IT.

IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT:

1.    THE WITNESS'S OPPORTUNITY AND ABILITY TO SEE OR HEAR OR KNOW THE THINGS TESTIFIED TO;

2.    THE WITNESS'S MEMORY;

3.    THE WITNESS'S MANNER WHILE TESTIFYING;

4.    THE WITNESS'S INTEREST IN THE OUTCOME OF THE CASE, IF ANY;

5.    THE WITNESS'S BIAS OR PREJUDICE, IF ANY;

Ninth Circuit Model Criminal Jury Instructions §3.9 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al                                    Page 13

6.     WHETHER OTHER EVIDENCE CONTRADICTED THE WITNESS'S

TESTIMONY;

7.     THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN

LIGHT OF ALL THE EVIDENCE; AND

8.     ANY OTHER FACTORS THAT BEAR ON BELIEVABILITY.


THE WEIGHT OF THE EVIDENCE AS TO A FACT DOES NOT

NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY.

WHAT IS IMPORTANT IS HOW BELIEVABLE THE WITNESSES WERE, AND

HOW MUCH WEIGHT YOU THINK THEIR TESTIMONY DESERVES.

Ninth Circuit Model Criminal Jury Instructions §3.9 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 14

# JURY INSTRUCTION NO. 9

# STIPULATIONS OF FACT

THE PARTIES HAVE AGREED TO CERTAIN FACTS THAT HAVE BEEN STATED TO YOU. YOU SHOULD THEREFORE TREAT THESE FACTS AS HAVING BEEN PROVED.

Ninth Circuit Model Criminal Jury Instructions §2.4 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 15

# JURY INSTRUCTION NO. 10

# ACTIVITIES NOT CHARGED

YOU ARE HERE ONLY TO DETERMINE WHETHER THE DEFENDANTS ARE GUILTY OR NOT GUILTY OF THE CHARGE[S] IN THE INDICTMENT. THE DEFENDANTS ARE NOT ON TRIAL FOR ANY CONDUCT OR OFFENSE NOT CHARGED IN THE INDICTMENT.

Ninth Circuit Model Criminal Jury Instructions §3.10 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al                                    Page 16

JURY INSTRUCTION NO. 11

SEPARATE CONSIDERATION OF MULTIPLE COUNTS--

MULTIPLE DEFENDANTS

A SEPARATE CRIME IS CHARGED AGAINST ONE OR MORE OF THE DEFENDANTS IN EACH COUNT. THE CHARGES HAVE BEEN JOINED FOR TRIAL. YOU MUST DECIDE THE CASE OF EACH DEFENDANT ON EACH CRIME CHARGED AGAINST THAT DEFENDANT SEPARATELY. YOUR VERDICT ON ANY COUNT AS TO ANY DEFENDANT SHOULD NOT CONTROL YOUR VERDICT ON ANY OTHER COUNT OR AS TO ANY OTHER DEFENDANT.

ALL THE INSTRUCTIONS APPLY TO EACH DEFENDANT AND TO EACH COUNT UNLESS A SPECIFIC INSTRUCTION STATES THAT IT APPLIES ONLY TO A SPECIFIC DEFENDANT OR SPECIFIC COUNT.

Ninth Circuit Model Criminal Jury Instructions §3.13 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 17

# JURY INSTRUCTION NO. 12

# JURY TO BE GUIDED BY OFFICIAL ENGLISH

# INTERPRETATION

THE SOMALI LANGUAGE HAS BEEN USED DURING THIS TRIAL.

THE EVIDENCE YOU ARE TO CONSIDER IS ONLY THAT PROVIDED THROUGH THE OFFICIAL COURT INTERPRETERS. ALTHOUGH ONE OR MORE OF YOU MAY KNOW SOMALI WORDS, IT IS IMPORTANT THAT ALL JURORS CONSIDER THE SAME EVIDENCE. THEREFORE, YOU MUST ACCEPT THE EVIDENCE PRESENTED IN THE ENGLISH INTERPRETATION AND DISREGARD ANY DIFFERENT MEANING.

Ninth Circuit Model Criminal Jury Instructions §3.19 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin

Page 18

# JURY INSTRUCTION NO. 13

# CONSIDERATION OF TRANSCRIPTS

TRANSCRIPTS OF THE RECORDINGS IN THE SOMALI LANGUAGE HAVE BEEN ADMITTED INTO EVIDENCE.  THE TRANSCRIPTS ARE ENGLISH-LANGUAGE TRANSLATIONS OF THE RECORDINGS.

WHETHER A TRANSCRIPT IS AN ACCURATE TRANSLATION, IN WHOLE OR IN PART, IS FOR YOU TO DECIDE. IN CONSIDERING WHETHER A TRANSCRIPT ACCURATELY DESCRIBES THE WORDS SPOKEN IN A CONVERSATION, YOU SHOULD CONSIDER THE TESTIMONY PRESENTED TO YOU REGARDING HOW, AND BY WHOM, THE TRANSCRIPT WAS MADE. YOU MAY CONSIDER THE KNOWLEDGE, TRAINING, AND EXPERIENCE OF THE TRANSLATOR, AS WELL AS THE NATURE OF THE CONVERSATION AND THE REASONABLENESS OF THE TRANSLATION IN LIGHT OF ALL THE EVIDENCE IN THE CASE.

Ninth Circuit Model Criminal Jury Instructions §2.8A modified (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al.

Page 19

IT IS IMPORTANT THAT ALL JURORS CONSIDER THE SAME EVIDENCE. THEREFORE, YOU MUST NOT RELY IN ANY WAY ON ANY KNOWLEDGE YOU MAY HAVE OF THE SOMALI LANGUAGE SPOKEN ON THE RECORDING; YOUR CONSIDERATION OF THE TRANSCRIPT MUST BE BASED ON THE EVIDENCE IN THE CASE.

Ninth Circuit Model Criminal Jury Instructions §2.8A modified (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al.                                Page 20

# JURY INSTRUCTION NO. 14

# STATEMENTS BY DEFENDANT

YOU HAVE HEARD TESTIMONY THAT A DEFENDANT MADE A STATEMENT. IT IS FOR YOU TO DECIDE

1.   WHETHER THE DEFENDANT MADE THE STATEMENT, AND

2.   IF SO, HOW MUCH WEIGHT TO GIVE TO IT.

IN MAKING THOSE DECISIONS, YOU SHOULD CONSIDER ALL THE EVIDENCE ABOUT THE STATEMENT, INCLUDING THE CIRCUMSTANCES UNDER WHICH THE DEFENDANT MAY HAVE MADE IT.

Ninth Circuit Model Criminal Jury Instructions §4.1(2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 21

# JURY INSTRUCTION NO. 15

# OPINION EVIDENCE, EXPERT WITNESS

YOU HAVE HEARD TESTIMONY FROM PERSONS WHO, BECAUSE OF EDUCATION OR EXPERIENCE, WERE PERMITTED TO STATE OPINIONS AND THE REASONS FOR THEIR OPINIONS.

SUCH OPINION TESTIMONY SHOULD BE JUDGED LIKE ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS'S EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION, AND ALL THE OTHER EVIDENCE IN THE CASE.

Ninth Circuit Model Criminal Jury Instructions §4.14 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 22

## JURY INSTRUCTION NO. 16

## SUMMARIES NOT RECEIVED IN EVIDENCE

DURING THE TRIAL, CERTAIN CHARTS AND SUMMARIES WERE SHOWN TO YOU IN ORDER TO HELP EXPLAIN THE EVIDENCE IN THE CASE. THESE CHARTS AND SUMMARIES WERE NOT ADMITTED IN EVIDENCE AND WILL NOT GO INTO THE JURY ROOM WITH YOU. THEY ARE NOT THEMSELVES EVIDENCE OR PROOF OF ANY FACTS. IF THEY DO NOT CORRECTLY REFLECT THE FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU SHOULD DISREGARD THESE CHARTS AND SUMMARIES AND DETERMINE THE FACTS FROM THE UNDERLYING EVIDENCE.

Ninth Circuit Model Criminal Jury Instructions §4.15 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 23

# JURY INSTRUCTION NO. 17

## CHARTS AND SUMMARIES IN EVIDENCE

CERTAIN CHARTS AND SUMMARIES HAVE BEEN ADMITTED IN EVIDENCE. CHARTS AND SUMMARIES ARE ONLY AS GOOD AS THE UNDERLYING SUPPORTING MATERIAL. YOU SHOULD, THEREFORE, GIVE THEM ONLY SUCH WEIGHT AS YOU THINK THE UNDERLYING MATERIAL DESERVES.

Ninth Circuit Model Criminal Jury Instructions §4.16 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 24

# JURY INSTRUCTION NO. 18

# CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO

# TERRORISTS (COUNT 1)

EACH DEFENDANT IS CHARGED IN COUNT 1 OF THE INDICTMENT

WITH CONSPIRING TO PROVIDE MATERIAL SUPPORT TO TERRORISTS , IN

VIOLATION OF SECTION 2339A(A) OF TITLE 18 OF THE UNITED STATES

CODE.  IN ORDER FOR THE DEFENDANT YOU ARE CONSIDERING TO BE

FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE

EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

(1)    BEGINNING ON A DATE UNKNOWN, AND CONTINUING TO ON

OR ABOUT AUGUST 5, 2008, THERE WAS AN AGREEMENT BETWEEN

TWO OR MORE PERSONS TO PROVIDE MATERIAL SUPPORT OR

RESOURCES KNOWING OR INTENDING THAT THE MATERIAL SUPPORT

OR RESOURCES WERE TO BE USED IN PREPARATION FOR, OR TO

CARRY OUT:

**A.**   **THE KILLING OF PERSONS IN A FOREIGN COUNTRY; OR**

**B.**   **THE USE OF A WEAPON OF MASS DESTRUCTION OUTSIDE OF THE UNITED STATES,**

**WITH ALL OF YOU AGREEING ON EITHER A, OR B, OR BOTH.**

**(2)   THE DEFENDANT BECAME A MEMBER OF THE CONSPIRACY KNOWING OF ITS UNLAWFUL OBJECT AND INTENDING TO HELP ACCOMPLISH IT.**

18 U.S.C. §2339A(a)

Jury Instructions, U.S.A. v. Moalin, et al

# JURY INSTRUCTION NO. 19

# CONSPIRACY–ELEMENTS

A CONSPIRACY IS A KIND OF CRIMINAL PARTNERSHIP– AN AGREEMENT OF TWO OR MORE PERSONS TO COMMIT ONE OR MORE CRIMES. THE CRIME OF CONSPIRACY IS THE AGREEMENT TO DO SOMETHING UNLAWFUL; IT DOES NOT MATTER WHETHER THE CRIME AGREED UPON WAS COMMITTED.

FOR A CONSPIRACY TO HAVE EXISTED, IT IS NOT NECESSARY THAT THE CONSPIRATORS MADE A FORMAL AGREEMENT OR THAT THEY AGREED ON EVERY DETAIL OF THE CONSPIRACY. IT IS NOT ENOUGH, HOWEVER, THAT THEY SIMPLY MET, DISCUSSED MATTERS OF COMMON INTEREST, ACTED IN SIMILAR WAYS, OR PERHAPS HELPED ONE ANOTHER. YOU MUST FIND THAT THERE WAS A PLAN TO COMMIT AT LEAST ONE OF THE CRIMES ALLEGED IN THE INDICTMENT AS AN OBJECT OF THE CONSPIRACY WITH ALL OF YOU AGREEING AS TO THE

Ninth Circuit Model Criminal Jury Instructions §8.20 and 8.23 (2010 Ed. modified)

Jury Instructions, U.S.A. v. Moalin

PARTICULAR CRIME WHICH THE CONSPIRATORS AGREED TO COMMIT.

ONE BECOMES A MEMBER OF A CONSPIRACY BY WILLFULLY PARTICIPATING IN THE UNLAWFUL PLAN WITH THE INTENT TO ADVANCE OR FURTHER SOME OBJECT OR PURPOSE OF THE CONSPIRACY, EVEN THOUGH THE PERSON DOES NOT HAVE FULL KNOWLEDGE OF ALL THE DETAILS OF THE CONSPIRACY. FURTHERMORE, ONE WHO WILLFULLY JOINS AN EXISTING CONSPIRACY IS AS RESPONSIBLE FOR IT AS THE ORIGINATORS. ON THE OTHER HAND, ONE WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT HAPPENS TO ACT IN A WAY WHICH FURTHERS SOME OBJECT OR PURPOSE OF THE CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR. SIMILARLY, A PERSON DOES NOT BECOME A CONSPIRATOR MERELY BY ASSOCIATING WITH ONE OR MORE PERSONS WHO ARE CONSPIRATORS, NOR MERELY BY KNOWING THAT A CONSPIRACY EXISTS.

A CONSPIRACY MAY CONTINUE FOR A LONG PERIOD OF TIME AND

MAY INCLUDE THE PERFORMANCE OF MANY TRANSACTIONS.  IT IS NOT NECESSARY THAT ALL MEMBERS OF THE CONSPIRACY JOIN IN AT THE SAME TIME, AND ONE MAY BECOME A MEMBER OF A CONSPIRACY WITHOUT FULL KNOWLEDGE OF ALL THE DETAILS OF THE UNLAWFUL SCHEME OR THE NAMES, IDENTITIES, OR LOCATIONS OF ALL THE OTHER MEMBERS.

EVEN THOUGH A DEFENDANT DID NOT DIRECTLY CONSPIRE WITH OTHER DEFENDANTS IN THE OVERALL SCHEME, THE DEFENDANT HAS, IN EFFECT, AGREED TO PARTICIPATE IN THE CONSPIRACY IF THE GOVERNMENT PROVES EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT THAT:

1.    THE DEFENDANT DIRECTLY CONSPIRED WITH ONE OR MORE CONSPIRATORS TO CARRY OUT AT LEAST ONE OF THE OBJECTS OF THE CONSPIRACY;

**2.    THE DEFENDANT KNEW OR HAD REASON TO KNOW THAT OTHER CONSPIRATORS WERE INVOLVED WITH THOSE WITH WHOM THE DEFENDANT DIRECTLY CONSPIRED; AND**

**3.    THE DEFENDANT HAD REASON TO BELIEVE THAT WHATEVER BENEFITS THE DEFENDANT MIGHT GET FROM THE CONSPIRACY WERE PROBABLY DEPENDENT UPON THE SUCCESS OF THE ENTIRE VENTURE.**

**IT IS NOT A DEFENSE THAT A PERSON'S PARTICIPATION IN THE CONSPIRACY WAS MINOR OR FOR A SHORT PERIOD OF TIME.**

# JURY INSTRUCTION NO. 20

# CONSPIRACY– EXPRESSION OF POLITICAL VIEWS

PROOF THAT PEOPLE SIMPLY MET TOGETHER FROM TIME TO TIME AND TALKED ABOUT COMMON INTERESTS, SUCH AS POLITICAL VIEWS OR RELIGIOUS BELIEFS, OR ENGAGED IN SIMILAR CONDUCT, IS NOT ENOUGH TO ESTABLISH A CRIMINAL AGREEMENT. SUCH ASSOCIATION OR SPEECH, STANDING ALONE, IS PROTECTED BY THE FIRST AMENDMENT. HOWEVER, FORMING AN AGREEMENT TO ENGAGE IN CRIMINAL ACTIVITY - IN CONTRAST WITH TALKING ABOUT RELIGIOUS OR POLITICAL BELIEFS OR EVENTS - IS NOT PROTECTED SPEECH. MOREOVER, IN DETERMINING WHETHER THE GOVERNMENT HAS PROVEN ITS CASE BEYOND A REASONABLE DOUBT, YOU MAY CONSIDER SPEECH FOR WHATEVER EVIDENTIARY VALUE YOU FIND IT DESERVES.

# JURY INSTRUCTION NO. 21

# ADDITIONAL DEFINITIONS

A "CONSPIRACY TO KILL PERSONS IN A FOREIGN COUNTRY" MEANS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO COMMIT AN ACT OR ACTS OUTSIDE THE UNITED STATES THAT WOULD CONSTITUTE MURDER IF COMMITTED IN THE UNITED STATES, WITH ONE OF THE CONSPIRATORS COMMITTING AT LEAST ONE ACT WITHIN THE JURISDICTION OF THE UNITED STATES TO EFFECT THE OBJECT OF THE CONSPIRACY.

MURDER MEANS UNLAWFUL KILLING WITH "MALICE AFORETHOUGHT." "MALICE AFORETHOUGHT" MEANS AN INTENT, AT THE TIME OF A KILLING, WILLFULLY TO TAKE THE LIFE OF A HUMAN BEING, OR AN INTENT WILLFULLY TO ACT IN CALLOUS AND WANTON DISREGARD OF THE CONSEQUENCES OF ONE'S ACTS TO HUMAN LIFE.

18 U.S.C. § 956(a)(1); 18 U.S.C. §2332a(b); 18 U.S.C.§921 (defining weapon of mass destruction; 8 U.S.C. §1101(a)(22) (definition of national of the United States)

A "CONSPIRACY TO USE A WEAPON OF MASS DESTRUCTION OUTSIDE THE UNITED STATES" MEANS AN AGREEMENT BETWEEN TWO OR MORE PERSONS, INCLUDING AT LEAST ONE CITIZEN OF THE UNITED STATES, TO USE A WEAPON OF MASS DESTRUCTION OUTSIDE THE UNITED STATES WITHOUT LAWFUL AUTHORITY.

"WEAPON OF MASS DESTRUCTION" MEANS ANY EXPLOSIVE OR INCENDIARY BOMB, GRENADE, MINE, OR SIMILAR DEVICE; OR ANY WEAPON (OTHER THAN A SHOTGUN) THAT CAN EXPEL A PROJECTILE BY ACTION OF AN EXPLOSIVE OR PROPELLANT AND WITH A BARREL BORE MORE THAN ONE-HALF INCH IN DIAMETER.

"PROVIDE" MEANS TO MAKE AVAILABLE, FURNISH OR SUPPLY.

"MATERIAL SUPPORT OR RESOURCES" MEANS ANY PROPERTY, TANGIBLE OR INTANGIBLE, OR SERVICE, INCLUDING CURRENCY OR MONETARY INSTRUMENTS OR FINANCIAL SECURITIES, FINANCIAL

18 U.S.C. § 956(a)(1); 18 U.S.C. §2332a(b); 18 U.S.C.§921 (defining weapon of mass destruction; 8 U.S.C. §1101(a)(22) (definition of national of the United States)

SERVICES, OR OTHER PHYSICAL ASSETS. **18 U.S. C. §2339B(**G**)(4)**

AND **§2339A(**B**)(1).**

18 U.S.C. § 956(a)(1); 18 U.S.C. §2332a(b); 18 U.S.C.§921 (defining weapon of mass destruction; 8 U.S.C.
§1101(a)(22) (definition of national of the United States)

Jury Instructions, U.S.A. v. Moalin, et al                                    Page 34

# JURY INSTRUCTION NO. 22

# KNOWINGLY

AN ACT IS DONE KNOWINGLY IF THE DEFENDANT IS AWARE OF THE ACT AND DOES NOT ACT THROUGH IGNORANCE, MISTAKE, OR ACCIDENT.  THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT HIS ACTS OR OMISSIONS WERE UNLAWFUL. YOU MAY CONSIDER EVIDENCE OF THE DEFENDANT'S WORDS, ACTS, OR OMISSIONS ALONG WITH ALL THE OTHER EVIDENCE, IN DECIDING WHETHER THE DEFENDANT ACTED KNOWINGLY.

Ninth Circuit Model Criminal Jury Instructions §5.6 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 35

# JURY INSTRUCTION NO. 23

# CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION (COUNT 2)

EACH DEFENDANT IS CHARGED IN COUNT 2 OF THE INDICTMENT WITH CONSPIRING TO COMMIT THE OFFENSE OF PROVIDING MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION, IN VIOLATION OF SECTION 2339B(A)(1) OF TITLE 18 OF THE UNITED STATES CODE.  IN ORDER FOR THE DEFENDANT YOU ARE CONSIDERING TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

(1)    AFTER MARCH 18, 2008 AND CONTINUING TO ON OR ABOUT AUGUST 5, 2008, THERE WAS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO COMMIT THE OFFENSE OF PROVIDING MATERIAL SUPPORT OR RESOURCES TO THE DESIGNATED FOREIGN TERRORIST ORGANIZATION AL-SHABAAB;

18 U.S.C. §2339B(a)(1) and (d)(1); Humanitarian Law Project v. Holder; 130 S.Ct. 2705, 2717-18 (2010)

**(2)    THE DEFENDANT BECAME A MEMBER OF THE CONSPIRACY KNOWING OF ITS UNLAWFUL OBJECT AND INTENDING TO HELP ACCOMPLISH IT; AND**

**(3)    AT LEAST ONE OR MORE OF THE FOLLOWING CONDITIONS WAS MET:**

**A.    THE OFFENSE OCCURRED IN WHOLE OR IN PART WITHIN THE UNITED STATES; OR**

**B.    THE OFFENSE OCCURRED IN OR AFFECTED INTERSTATE OR FOREIGN COMMERCE.**

**WITH ALL OF YOU AGREEING ON EITHER A OR B, OR BOTH.**

18 U.S.C. §2339B(a)(1) and (d)(1); Humanitarian Law Project v. Holder; 130 S.Ct. 2705, 2717-18 (2010)

# JURY INSTRUCTION NO. 24

# PROVIDING MATERIAL SUPPORT TO A FOREIGN TERRORIST

# ORGANIZATION - ELEMENTS

TO ASSIST YOU IN DETERMINING WHETHER THE GOVERNMENT HAS PROVED THAT THE DEFENDANT YOU ARE CONSIDERING BECAME A MEMBER OF THE CONSPIRACY KNOWING OF ITS UNLAWFUL OBJECT AND INTENDING TO HELP ACCOMPLISH IT AS ALLEGED IN COUNT 2, YOU ARE ADVISED THAT THE OFFENSE OF PROVIDING MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION HAS THE FOLLOWING ELEMENTS:

(1)   THE DEFENDANT KNOWINGLY PROVIDED MATERIAL SUPPORT OR RESOURCES TO AL-SHABAAB;

(2)   AL-SHABAAB PREVIOUSLY HAD BEEN DESIGNATED AS A

FOREIGN TERRORIST ORGANIZATION;

(3)   THE DEFENDANT KNEW THAT AT LEAST ONE OF THE

FOLLOWING CONDITIONS EXISTED:

A)   THAT AL-SHABAAB HAD BEEN DESIGNATED AS A

FOREIGN TERRORIST ORGANIZATION; OR

B)   THAT AL-SHABAAB HAD ENGAGED OR WAS ENGAGING

IN TERRORIST ACTIVITY; OR

C)   THAT AL-SHABAAB HAD ENGAGED OR WAS ENGAGING

IN TERRORISM;

WITH ALL OF YOU UNANIMOUSLY AGREEING ON AT LEAST ONE OF

THESE CONDITIONS.

RECALL, HOWEVER, THAT COUNT 2 OF THE INDICTMENT

CHARGES A CONSPIRACY; THE GOVERNMENT NEED NOT PROVE THAT

THE OBJECT OFFENSE WAS ACTUALLY COMMITTED.

# JURY INSTRUCTION NO. 25

# TRANSPORTING FUNDS TO PROMOTE UNLAWFUL ACTIVITY

THE DEFENDANTS ARE CHARGED IN COUNT 3 OF THE INDICTMENT WITH CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS IN VIOLATION OF SECTION 1956(A)(2)(A) OF TITLE 18 OF THE UNITED STATES CODE.   IN ORDER FOR THE DEFENDANT YOU ARE CONSIDERING TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

(1)    BEGINNING ON A DATE UNKNOWN AND CONTINUING TO ON OR ABOUT AUGUST 5, 2008, THERE WAS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO TRANSFER OR TRANSMIT MONEY OR FUNDS FROM A PLACE IN THE UNITED STATES TO A PLACE OUTSIDE THE UNITED STATES WITH THE INTENT TO PROMOTE THE CARRYING ON OF ONE OR MORE OF THE FOLLOWING SPECIFIED UNLAWFUL ACTIVITIES:

Ninth Circuit Model Criminal Jury Instructions §8.148 modified (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

A)    PROVIDING MATERIAL SUPPORT OR RESOURCES TO

THE DESIGNATED FOREIGN TERRORIST ORGANIZATION AL-

SHABAAB, IN VIOLATION OF SECTION 2339B(A)(1) OF TITLE

18 OF THE UNITED STATES CODE; OR

B)    CONSPIRACY TO KILL PERSONS IN A FOREIGN

COUNTRY IN VIOLATION OF SECTION 956 OF TITLE 18 OF

THE UNITED STATES CODE, OR

C)    PROVIDING MATERIAL SUPPORT OR RESOURCES TO

TERRORISTS IN VIOLATION OF SECTION 2339(A)(A) OF

TITLE 18.

WITH ALL OF YOU UNANIMOUSLY AGREEING ON AT LEAST ONE OF

THESE SPECIFIED UNLAWFUL ACTIVITIES; AND

(2)    THE DEFENDANTS BECAME  MEMBERS OF THE CONSPIRACY

Ninth Circuit Model Criminal Jury Instructions §8.148 modified (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 42

**KNOWING OF ITS UNLAWFUL PURPOSE AND INTENDING TO HELP**

**ACCOMPLISH IT.**

Ninth Circuit Model Criminal Jury Instructions §8.148 modified (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 43

# JURY INSTRUCTION NO. 26

# PROVIDING MATERIAL SUPPORT TO TERRORISTS - ELEMENTS

DEFENDANT BASAALY MOALIN IS CHARGED IN COUNT 4 OF THE INDICTMENT WITH PROVIDING MATERIAL SUPPORT TO TERRORISTS, IN VIOLATION OF SECTION 2339A(A) OF TITLE 18 OF THE UNITED STATES CODE. IN ORDER FOR THE DEFENDANT TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

(1)    ON OR ABOUT JANUARY 3, 2008, THE DEFENDANT PROVIDED MATERIAL SUPPORT OR RESOURCES, NAMELY, A HOUSE IN SOMALIA; AND

(2)    THE DEFENDANT DID SO KNOWING OR INTENDING THAT THE MATERIAL SUPPORT OR RESOURCES WERE TO BE USED IN

18 U.S.C.§ 2339A

PREPARATION FOR, OR IN CARRYING OUT A CONSPIRACY TO KILL

PERSONS IN A FOREIGN COUNTRY.


THE PHRASE "CONSPIRACY TO KILL PERSONS IN A FOREIGN

COUNTRY" HAS THE SAME MEANING AS DEFINED IN INSTRUCTION NO.

20.

# JURY INSTRUCTION NO. 27

## ATTEMPT

IF YOU FIND BEYOND A REASONABLE DOUBT THAT DEFENDANT BASAALY MOALIN PROVIDED MATERIAL SUPPORT OR RESOURCES IN PREPARATION FOR, OR TO CARRY OUT, A CONSPIRACY TO KILL PERSONS IN A FOREIGN COUNTRY OR TO USE A WEAPON OF MASS DESTRUCTION OUTSIDE THE UNITED STATES, THEN YOU DO NOT NEED TO CONSIDER THE QUESTION OF ATTEMPT.  IF, HOWEVER, YOU DO NOT FIND THAT THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT EACH OF THE ELEMENTS OF THE OFFENSE OF PROVIDING MATERIAL SUPPORT OR RESOURCES IN COUNT 4, THEN YOU SHOULD CONSIDER WHETHER THE GOVERNMENT HAS PROVEN THAT DEFENDANT BASAALY MOALIN ATTEMPTED TO DO SO.

IN ORDER FOR DEFENDANT BASAALY MOALIN TO BE FOUND GUILTY OF ATTEMPT, THE GOVERNMENT MUST PROVE EACH OF THE

Ninth Circuit Model Criminal Jury Instructions §5.3 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 46

FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

(1)   ON OR ABOUT JANUARY 3, 2008, DEFENDANT BASAALY MOALIN INTENDED TO PROVIDE MATERIAL SUPPORT OR RESOURCES, NAMELY A HOUSE, KNOWING OR INTENDING IT WAS TO BE USED IN PREPARATION FOR, OR TO CARRY OUT, A CONSPIRACY TO KILL PERSONS IN A FOREIGN COUNTRY.

(2)   DEFENDANT, BASAALY MOALIN, DID SOMETHING THAT WAS A SUBSTANTIAL STEP TOWARD COMMITTING THE CRIME.

MERE PREPARATION IS NOT A SUBSTANTIAL STEP TOWARD COMMITTING THE CRIME. TO CONSTITUTE A SUBSTANTIAL STEP, A DEFENDANT'S ACT OR ACTIONS MUST DEMONSTRATE THAT THE CRIME WILL TAKE PLACE UNLESS INTERRUPTED BY INDEPENDENT CIRCUMSTANCES.

Ninth Circuit Model Criminal Jury Instructions §5.3 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 47

# JURY INSTRUCTION NO. 28

# PROVIDING MATERIAL SUPPORT TO A
# DESIGNATED FOREIGN TERRORIST ORGANIZATION

DEFENDANTS BASAALY MOALIN, MOHAMED MOHAMED MOHAMUD AND ISSA DOREH ARE EACH CHARGED IN COUNT 5 WITH PROVIDING MATERIAL SUPPORT OR RESOURCES, NAMELY CURRENCY, TO A DESIGNATED FOREIGN TERRORIST ORGANIZATION, AL-SHABAAB. IN ORDER FOR THE DEFENDANT YOU ARE CONSIDERING TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING FIVE ELEMENTS BEYOND A REASONABLE DOUBT:

1.     ON OR ABOUT APRIL 23, 2008, THE DEFENDANT KNOWINGLY PROVIDED MATERIAL SUPPORT OR RESOURCES TO AL-SHABAAB;;

2.     AL-SHABAAB PREVIOUSLY HAD BEEN DESIGNATED AS A FOREIGN TERRORIST ORGANIZATION;

3.   THE DEFENDANT KNEW THAT ONE OR MORE OF THE

FOLLOWING CONDITIONS EXISTED:

   A.   THAT AL-SHABAAB HAD BEEN DESIGNATED AS A

   FOREIGN TERRORIST ORGANIZATION; OR

   B.   THAT AL-SHABAAB HAD ENGAGED OR WAS ENGAGING

   IN TERRORIST ACTIVITY; OR

   C.   THAT AL-SHABAAB HAD ENGAGED OR WAS ENGAGING

   IN TERRORISM;

WITH ALL OF YOU UNANIMOUSLY AGREEING ON AT LEAST ONE OF

THESE CONDITIONS; AND

4.   THAT ONE OR MORE OF THE FOLLOWING CONDITIONS WAS

MET:

**A.**   **THE OFFENSE OCCURRED IN WHOLE OR IN PART WITHIN THE UNITED STATES; OR**

**B.**   **THE OFFENSE OCCURRED IN OR AFFECTED INTERSTATE OR FOREIGN COMMERCE,**

**WITH ALL OF YOU AGREEING ON EITHER A OR B, OR BOTH.**

18 U.S.C. §2339B(a)(1) and (d)(1); Humanitarian Law Project v. Holder, 130 S.Ct. 2705, 2717-18 (2010)
Jury Instructions, U.S. v. Moalin, et al

Page 50

JURY INSTRUCTION NO. 29

ATTEMPT TO PROVIDE SUPPORT TO A FOREIGN

TERRORIST ORGANIZATION

IF YOU SHOULD FIND BEYOND A REASONABLE DOUBT THAT THE

DEFENDANTS CHARGED IN COUNT 5 COMMITTED THE OFFENSE OF

PROVIDING MATERIAL SUPPORT OR RESOURCES TO THE DESIGNATED

FOREIGN TERRORIST ORGANIZATION AL-SHABAAB, THEN YOU DO NOT

NEED TO CONSIDER THE QUESTION OF ATTEMPT.  IF, HOWEVER, YOU

DO NOT FIND THAT THE GOVERNMENT HAS PROVED BEYOND A

REASONABLE DOUBT EACH OF THE ELEMENTS OF THE OFFENSE

PROVIDING MATERIAL SUPPORT OR RESOURCES IN COUNT 5, THEN YOU

SHOULD CONSIDER WHETHER THE GOVERNMENT HAS PROVEN THAT

THE DEFENDANT ATTEMPTED TO DO SO.

IN ORDER FOR THE DEFENDANT YOU ARE CONSIDERING TO BE

FOUND GUILTY OF ATTEMPT TO PROVIDE MATERIAL SUPPORT OR

RESOURCES TO A FOREIGN TERRORIST ORGANIZATION, THE

GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS

BEYOND A REASONABLE DOUBT:


(1)    ON OR ABOUT APRIL 23, 2008, DEFENDANTS INTENDED TO

KNOWINGLY PROVIDE MATERIAL SUPPORT OR RESOURCES TO THE

DESIGNATED FOREIGN TERRORIST ORGANIZATION AL-SHABAAB;


(2)    AL-SHABAAB PREVIOUSLY HAD BEEN DESIGNATED AS A

FOREIGN TERRORIST ORGANIZATION;


(3)    THE DEFENDANTS KNEW THAT ONE OR MORE OF THE

FOLLOWING CONDITIONS EXISTED:


A.    THAT AL-SHABAAB HAD BEEN DESIGNATED AS A

FOREIGN TERRORIST ORGANIZATION; OR

B.    THAT AL-SHABAAB HAD ENGAGED OR WAS ENGAGING

IN TERRORIST ACTIVITY; OR


C.    THAT AL-SHABAAB HAD ENGAGED IN OR WAS

ENGAGING IN TERRORISM;


WITH ALL OF YOU UNANIMOUSLY AGREEING ON AT LEAST ONE OF

THESE CONDITIONS; AND


(4)    THE DEFENDANTS DID SOMETHING THAT WAS A

SUBSTANTIAL STEP TOWARD COMMITTING THE CRIME; AND


(5)    THAT ONE OR MORE OF THE FOLLOWING CONDITIONS IS

MET:


A.    THE OFFENSE OCCURRED IN WHOLE OR IN PART

WITHIN THE UNITED STATES; OR


Ninth Circuit Model Criminal Jury Instructions, §5.3 (2010); 18 U.S.C. §2339B

Jury Instructions, <u>U.S.A. v. Moalin, et al</u>

**B.**    THE OFFENSE OCCURRED IN OR AFFECTED

INTERSTATE OR FOREIGN COMMERCE,

WITH ALL OF YOU AGREEING AS TO A OR B, OR BOTH.

MERE PREPARATION IS NOT A SUBSTANTIAL STEP TOWARD

COMMITTING THE CRIME. TO CONSTITUTE A SUBSTANTIAL STEP, A

DEFENDANT'S ACT OR ACTIONS MUST DEMONSTRATE THAT THE CRIME

WILL TAKE PLACE UNLESS INTERRUPTED BY INDEPENDENT

CIRCUMSTANCES.

# JURY INSTRUCTION NO. 30

# AIDING AND ABETTING

A DEFENDANT MAY BE FOUND GUILTY OF PROVIDING MATERIAL SUPPORT TO THE DESIGNATED FOREIGN TERRORIST ORGANIZATION AL-SHABAAB, OR ATTEMPTING TO DO SO, AS CHARGED IN COUNT 5 OF THE INDICTMENT, EVEN IF THE DEFENDANT PERSONALLY DID NOT COMMIT THE ACT OR ACTS CONSTITUTING THE CRIME OR THE ATTEMPT, BUT AIDED AND ABETTED IN ITS COMMISSION. IN ORDER FOR THE DEFENDANT YOU ARE CONSIDERING TO BE FOUND GUILTY OF AIDING AND ABETTING, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

(1)   ON OR ABOUT APRIL 23, 2008, THE CRIME OF PROVIDING MATERIAL SUPPORT OR RESOURCES TO A FOREIGN TERRORIST ORGANIZATION, OR ATTEMPTING TO DO, SO WAS COMMITTED BY SOMEONE;

Ninth Circuit Model Criminal Jury Instructions §5.1 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 55

(2)    THE DEFENDANT KNOWINGLY AND INTENTIONALLY AIDED, COUNSELED, COMMANDED, INDUCED OR PROCURED THAT PERSON TO COMMIT EACH ELEMENT OF PROVIDING MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION, OR ATTEMPTING TO DO SO; AND

(3)    THE DEFENDANT ACTED BEFORE THE CRIME WAS COMPLETED.

WITH ALL OF YOU UNANIMOUSLY AGREEING THAT THE DEFENDANT AIDED AND ABETTED THE COMPLETION OF MATERIAL SUPPORT, OR THE ATTEMPT TO DO, SO OR BOTH.

IT IS NOT ENOUGH THAT THE DEFENDANT MERELY ASSOCIATED WITH THE PERSON COMMITTING THE CRIME, OR UNKNOWINGLY OR UNINTENTIONALLY DID THINGS THAT WERE HELPFUL TO THAT PERSON, OR WAS PRESENT AT THE SCENE OF THE CRIME. THE EVIDENCE MUST SHOW BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED

Ninth Circuit Model Criminal Jury Instructions §5.1 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al                                    Page 56

WITH THE KNOWLEDGE AND INTENTION OF HELPING THAT PERSON

COMMIT THE CRIME OF PROVIDING MATERIAL SUPPORT TO A FOREIGN

TERRORIST ORGANIZATION.


THE GOVERNMENT IS NOT REQUIRED TO PROVE PRECISELY

WHICH DEFENDANT ACTUALLY COMMITTED THE CRIME AND WHICH

DEFENDANT AIDED AND ABETTED.

Ninth Circuit Model Criminal Jury Instructions §5.1 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 57

# JURY INSTRUCTION NO. 31

# DEFINITIONS OF FOREIGN TERRORIST ORGANIZATION

# AND TERRORIST ACTIVITY

FOR COUNTS 2,3, AND 5, THERE ARE SEVERAL OTHER TERMS I MUST DEFINE FOR YOU.

THE TERM "FOREIGN TERRORIST ORGANIZATION" HAS A PARTICULAR MEANING. IN ORDER FOR AN ORGANIZATION TO QUALIFY AS A "FOREIGN TERRORIST ORGANIZATION," IT MUST HAVE BEEN DESIGNATED AS SUCH BY THE SECRETARY OF STATE THROUGH A PROCESS ESTABLISHED BY LAW. I INSTRUCT YOU THAT, ON FEBRUARY 26, 2008, THE UNITED STATES SECRETARY OF STATE DESIGNATED "AL-SHABAAB" AS A FOREIGN TERRORIST ORGANIZATION, AND THAT THIS DESIGNATION BECAME LEGALLY EFFECTIVE ON MARCH 18, 2008, WHEN THE DESIGNATION WAS PUBLISHED. I FURTHER INSTRUCT YOU THAT AL-SHABAAB'S DESIGNATION AS A FOREIGN TERRORIST ORGANIZATION HAS REMAINED CONTINUOUSLY IN EFFECT SINCE THAT

TIME.

THE TERM "TERRORIST ACTIVITY" IS DEFINED AS ANY ACTIVITY WHICH IS UNLAWFUL UNDER THE LAWS OF THE PLACE IT WAS COMMITTED (OR WHICH, IF IT HAD BEEN COMMITTED IN THE UNITED STATES, WOULD BE UNLAWFUL UNDER THE LAWS OF THE UNITED STATES OR ANY PARTICULAR STATE), AND WHICH INVOLVES ANY OF THE FOLLOWING:

(1)   THE SEIZING OR DETAINING, AND THREATENING TO KILL, INJURE, OR CONTINUE TO DETAIN ANOTHER INDIVIDUAL IN ORDER TO COMPEL A THIRD PERSON (INCLUDING A GOVERNMENTAL ORGANIZATION) TO DO OR ABSTAIN FROM DOING ANY ACT AS AN EXPLICIT OR IMPLICIT CONDITION FOR THE RELEASE OF THE INDIVIDUAL SEIZED OR DETAINED;

(2)   AN ASSASSINATION;

(3)    THE USE OF ANY EXPLOSIVE, FIREARM, OR OTHER WEAPON

OR DANGEROUS DEVICE OTHER THAN FOR MERE PERSONAL MONETARY

GAIN, WITH THE INTENT TO ENDANGER, DIRECTLY OR INDIRECTLY, THE

SAFETY OF ONE OR MORE INDIVIDUALS OR TO CAUSE SUBSTANTIAL

DAMAGE TO PROPERTY; OR

(4)    A THREAT, ATTEMPT, OR CONSPIRACY TO DO ANY OF THE

ABOVE ACTS.

TO "ENGAGE IN TERRORIST ACTIVITY" MEANS, IN AN INDIVIDUAL

CAPACITY OR AS A MEMBER OF AN ORGANIZATION-

(1)    TO COMMIT OR INCITE TO COMMIT, UNDER CIRCUMSTANCES

INDICATING AN INTENTION TO CAUSE DEATH OR SERIOUS BODILY

INJURY, A TERRORIST ACTIVITY;

(2)    TO PREPARE OR PLAN A TERRORIST ACTIVITY;

**(3)**   TO GATHER INFORMATION ON POTENTIAL TARGETS FOR

TERRORIST ACTIVITY; OR

**(4)**   TO SOLICIT FUNDS OR OTHER THINGS OF VALUE FOR A

TERRORIST ACTIVITY OR A DESIGNATED TERRORIST ORGANIZATION.

THE GOVERNMENT NEED ONLY PROVE AT LEAST ONE TYPE OF

TERRORIST ACTIVITY, WITH ALL OF YOU UNANIMOUSLY AGREEING AS

TO THAT ACTIVITY.

THE TERM "TERRORISM" MEANS A PREMEDITATED, POLITICALLY-

MOTIVATED VIOLENCE PERPETRATED AGAINST NON-COMBATANTS

TARGETED BY SUB-NATIONAL GROUPS OR CLANDESTINE AGENTS.

THE INDICTMENT CHARGES THAT THE OFFENSES ALLEGED WERE

COMMITTED "ON OR ABOUT" A CERTAIN DATE.

ALTHOUGH IT IS NECESSARY FOR THE GOVERNMENT TO PROVE

[See 18 U.S.C. §2339B(g)(6); 8 U.S.C.§11829a(3)(B); 8 U.S.C.§1189
Jury Instructions, U.S.A. v. Moalin, et al

BEYOND A REASONABLE DOUBT THAT THE OFFENSES WERE

COMMITTED ON A DATE REASONABLY NEAR THE DATE ALLEGED IN THE

INDICTMENT, IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE

THAT THE OFFENSES WERE COMMITTED PRECISELY ON THE DATE

CHARGED.

## JURY INSTRUCTION NO. 32

## DEFENSE CONTENTION #1

IT IS THE THEORY OF THE DEFENDANTS AS TO COUNT ONE AND THREE THAT EACH DEFENDANT ONLY INTENDED TO AID PERSONS IN NEED IN SOMALIA AND NEVER INTENDED TO PROVIDE MATERIAL SUPPORT TO MURDER ANYONE, OR PROVIDE MATERIAL SUPPORT FOR THE USE OF WEAPONS OF MASS DESTRUCTION WITHOUT LAWFUL AUTHORITY.  IT IS THE DEFENDANTS' THEORY OF THE CASE THAT THE GOVERNMENT HAS NOT PROVED BEYOND A REASONABLE DOUBT THAT EACH DEFENDANT INTENDED TO PROVIDE MATERIAL SUPPORT TO MURDER IN SOMALIA, OR TO USE A WEAPON OF MASS DESTRUCTION WITHOUT LAWFUL AUTHORITY. EACH DEFENDANT CONTENDS HE INTENDED ONLY TO AID OTHERS.

UNDER THIS THEORY OF DEFENSE, EACH DEFENDANT CONTENDS HE LACKED THE SPECIFIC INTENT REQUIRED TO COMMIT THE OFFENSE

CHARGED IN COUNTS ONE AND THREE.

JURY INSTRUCTION NO. 33

DEFENSE CONTENTION #2

IT IS THE THEORY OF THE DEFENDANTS AS TO COUNT TWO THAT THEY ONLY INTENDED TO AID PERSONS IN NEED IN SOMALIA AND NEVER CONSPIRED TO KNOWINGLY OR INTENTIONALLY PROVIDE MATERIAL SUPPORT TO AL-SHABAAB.  IT IS THE DEFENDANTS' THEORY OF THE CASE THAT THE GOVERNMENT HAS NOT PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANTS CONSPIRED TO KNOWINGLY OR INTENTIONALLY PROVIDING MATERIAL SUPPORT TO AL-SHABAAB. EACH DEFENDANT CONTENDS THAT HE INTENDED ONLY TO AID OTHERS.

UNDER THIS THEORY OF DEFENSE, EACH DEFENDANT CONTENDS HE LACKED THE KNOWLEDGE OR INTENT REQUIRED TO COMMIT THE OFFENSE CHARGED IN COUNT TWO.

# JURY INSTRUCTION NO. 34

# DEFENSE CONTENTION #3

IT IS MR. MOALIN'S CONTENTION WITH RESPECT TO COUNT 4 THAT THE GOVERNMENT HAS NOT PROVED BEYOND A REASONABLE DOUBT THAT HE HAD EITHER THE KNOWLEDGE OR INTENT TO PROVIDE MATERIAL SUPPORT IN THE FORM OF HIS HOUSE, TO AL-SHABAAB, AND THAT HE DID NOT IN FACT PROVIDE HIS HOUSE TO AL-SHABAAB.

# JURY INSTRUCTION NO. 35

# DEFENSE CONTENTION #4

IT IS THE THEORY OF DEFENDANTS MOALIN, MOHAMUD AND DOREH AS TO COUNT FIVE THAT EACH OF THEM ONLY INTENDED TO AID PERSONS IN NEED IN SOMALIA, NEVER KNOWINGLY OR INTENTIONALLY PROVIDED MATERIAL SUPPORT TO AL-SHABAAB AND IN FACT DID NOT PROVIDE SUPPORT TO AL-SHABAAB. IT IS THE DEFENDANTS' THEORY OF THE CASE THAT THE GOVERNMENT HAS NOT PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANTS KNOWINGLY OR INTENTIONALLY PROVIDED MATERIAL SUPPORT TO AL-SHABAAB. EACH DEFENDANT CONTENDS THAT HE INTENDED ONLY TO AID OTHERS.

UNDER THIS THEORY OF DEFENSE, EACH OF DEFENDANTS MOALIN, MOHAMUD AND DOREH CONTENDS HE LACKED THE KNOWLEDGE OR INTENT REQUIRED TO COMMIT THE OFFENSE CHARGED IN COUNT FIVE.

# JURY INSTRUCTION No. 36

# DUTY TO DELIBERATE

WHEN YOU BEGIN YOUR DELIBERATIONS, ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON WHO WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN COURT.

YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO.  YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

Ninth Circuit Model Criminal Jury Instructions  §7.1 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 68

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD.  BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION. DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

Ninth Circuit Model Criminal Jury Instructions  §7.1 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 69

# JURY INSTRUCTION NO. 37

# CONSIDERATION OF EVIDENCE-- CONDUCT OF THE JURY

BECAUSE YOU MUST BASE YOUR VERDICT ONLY ON THE EVIDENCE RECEIVED IN THE CASE AND ON THESE INSTRUCTIONS, I REMIND YOU THAT YOU MUST NOT BE EXPOSED TO ANY OTHER INFORMATION ABOUT THE CASE OR TO THE ISSUES IT INVOLVES. EXCEPT FOR DISCUSSING THE CASE WITH YOUR FELLOW JURORS DURING YOUR DELIBERATIONS:

DO NOT COMMUNICATE WITH ANYONE IN ANY WAY AND DO NOT LET ANYONE ELSE COMMUNICATE WITH YOU IN ANY WAY ABOUT THE MERITS OF THE CASE OR ANYTHING TO DO WITH IT. THIS INCLUDES DISCUSSING THE CASE IN PERSON, IN WRITING, BY PHONE OR ELECTRONIC MEANS, VIA EMAIL, TEXT MESSAGING, OR ANY INTERNET CHAT ROOM, BLOG, WEBSITE OR OTHER FEATURE. THIS APPLIES TO COMMUNICATING WITH YOUR FAMILY MEMBERS, YOUR EMPLOYER, THE

Ninth Circuit Model Criminal Jury Instructions §7.2 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 70

MEDIA OR PRESS, AND THE PEOPLE INVOLVED IN THE TRIAL. IF YOU ARE ASKED OR APPROACHED IN ANY WAY ABOUT YOUR JURY SERVICE OR ANYTHING ABOUT THIS CASE, YOU MUST RESPOND THAT YOU HAVE BEEN ORDERED NOT TO DISCUSS THE MATTER AND TO REPORT THE CONTACT TO THE COURT. DO NOT READ, WATCH, OR LISTEN TO ANY NEWS OR MEDIA ACCOUNTS OR COMMENTARY ABOUT THE CASE OR ANYTHING TO DO WITH IT; DO NOT DO ANY RESEARCH, SUCH AS CONSULTING DICTIONARIES, SEARCHING THE INTERNET OR USING OTHER REFERENCE MATERIALS; AND DO NOT MAKE ANY INVESTIGATION OR IN ANY OTHER WAY TRY TO LEARN ABOUT THE CASE ON YOUR OWN.

THE LAW REQUIRES THESE RESTRICTIONS TO ENSURE THE PARTIES HAVE A FAIR TRIAL BASED ON THE SAME EVIDENCE THAT EACH PARTY HAS HAD AN OPPORTUNITY TO ADDRESS. A JUROR WHO VIOLATES THESE RESTRICTIONS JEOPARDIZES THE FAIRNESS OF THESE PROCEEDINGS AND A MISTRIAL COULD RESULT THAT WOULD REQUIRE

Ninth Circuit Model Criminal Jury Instructions §7.2 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 71

THE ENTIRE TRIAL PROCESS TO START OVER. IF ANY JUROR IS

EXPOSED TO ANY OUTSIDE INFORMATION, PLEASE NOTIFY THE COURT

IMMEDIATELY.

Ninth Circuit Model Criminal Jury Instructions §7.2 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 72

# JURY INSTRUCTION NO. 38

# USE OF NOTES

SOME OF YOU HAVE TAKEN NOTES DURING THE TRIAL. WHETHER OR NOT YOU TOOK NOTES, YOU SHOULD RELY ON YOUR OWN MEMORY OF WHAT WAS SAID. NOTES ARE ONLY TO ASSIST YOUR MEMORY. YOU SHOULD NOT BE OVERLY INFLUENCED BY YOUR NOTES OR THOSE OF YOUR FELLOW JURORS.

Ninth Circuit Model Criminal Jury Instructions 7.3 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

Page 73

# JURY INSTRUCTION NO. 39

## JURY CONSIDERATION OF PUNISHMENT

THE PUNISHMENT PROVIDED BY LAW FOR THIS CRIME IS FOR THE COURT TO DECIDE. YOU MAY NOT CONSIDER PUNISHMENT IN DECIDING WHETHER THE GOVERNMENT HAS PROVED ITS CASE AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT.

Ninth Circuit Model Criminal Jury Instructions §7.4 (2010 Ed.)

Jury Instructions, U.S.A. v. Moalin, et al

## JURY INSTRUCTION NO. 40

## COMMUNICATION WITH COURT

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE THROUGH THE BAILIFF, SIGNED BY ANY ONE OR MORE OF YOU. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING, AND I WILL RESPOND TO THE JURY CONCERNING THE CASE ONLY IN WRITING, OR HERE IN OPEN COURT. IF YOU SEND OUT A QUESTION, I WILL CONSULT WITH THE LAWYERS BEFORE ANSWERING IT, WHICH MAY TAKE SOME TIME. YOU MAY CONTINUE YOUR DELIBERATIONS WHILE WAITING FOR THE ANSWER TO ANY QUESTION. REMEMBER THAT YOU ARE NOT TO TELL ANYONE--INCLUDING ME-- HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON ANY QUESTION SUBMITTED TO YOU, INCLUDING THE QUESTION OF THE GUILT OF THE DEFENDANT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.