1                  United States District Court

2                Southern District of California

3

4    UNITED STATES OF AMERICA,      )
                                    )
5                    Plaintiff,     )
                                    )
6        vs.                        ) Case No. 10-CR-4246 JM
                                    )
7    BASAALY SAEED MOALIN,          ) Thursday, April 7, 2011
     MOHAMAD MOHAMAD MOHAMUD,       ) Status Hearing
8    ISSA DOREH,                    )
     AHMED NASIR TAALIL MOHAMUD,    )
9                                   )
                     Defendants.    )
10   _____)

11
                  Before the Honorable Jeffrey T. Miller
12                   United States District Judge

13

14

15

16

17

18

19

20

21   Official Interpreter:   Ahmedei M. Farah, CCI

22   Official Court Reporter: Debra M. Henson, CSR, RPR
                              U.S. Courthouse
23                            333 W. Broadway, Suite 420
                              San Diego, CA  92101
24                            (619) 238-4538

25

1              Record produced by stenographic reporter

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    Appearances

2    For the Government:        Laura E. Duffy
                                UNITED STATES ATTORNEY
3                               William P. Cole
                                Caroline P. Han
4                               ASSISTANT U.S. ATTORNEYS
                                880 Front Street, Suite 6293
5                               San Diego, CA  92101

6    For the Defendants:
     (Mr. Moalin)              Marc B. Geller, Esq.
7                               LAW OFFICES OF MARC B. GELLER
                                1010 Second Avenue, Suite 1820
8                               San Diego, CA  92101

9                               Alice L. Fontier, Esq.
                                369 Lexington Avenue, #224
10                              New York, NY  10017

11                              Holly A. Sullivan, Esq.
                                LAW OFFICES OF HOLLY A. SULLIVAN
12                              110 W. C Street, Suite 2105
                                San Diego, CA  92101
13
     (Mr. M. Mohamud)          Mahir T. Sherif, Esq.
14                              LAW OFFICES OF MAHIR T. SHERIF
                                3376 30th Street
15                              San Diego, CA  92104

16                              Linda Moreno
                                P.O. Box 10985
17                              Tampa, FL  33679

18   (Mr. Doreh)               Kenneth J. Troiano, Esq.
                                LAW OFFICE OF KENNETH J. TROIANO
19                              P.O. Box 33536
                                San Diego, CA  92163
20
                                Ahmed Ghappour, Esq.
21                              LAW OFFICES OF AHMED GHAPPOUR
                                P.O. Box 20367
22                              Seattle, WA  98102

23   (Mr. A. Mohamud)          Holly S. Hanover, Esq.
                                LAW OFFICES OF HOLLY S. HANOVER
24                              1016 La Mesa Avenue
                                Spring Valley, CA  91977
25

1          San Diego, California - Thursday, April 7, 2011

2        (Defendants are being assisted by a Somali interpreter.)

3              THE CLERK:  Calling matter 1 on calendar,

4   10-CR-4246, USA versus Basaaly Saeed Moalin.

5              MR. COLE:  Good morning, your Honor.  William Cole

6   and Caroline Han for the United States.

7              MR. GELLER:  Good morning, your Honor.  Marc Geller

8   appearing on behalf of Mr. Moalin.  He'll be entering the

9   courtroom in custody momentarily for the record.

10             MS. FONTIER:  Good morning, your Honor.  Alice

11  Fontier also, hopefully, on behalf of Mr. Moalin.

12             THE COURT:  Nice to see you again, Ms. Fontier.

13             MS. FONTIER:  You as well, your Honor.

14             THE CLERK:  Mohamad Mohamad Mohamud.

15             MS. MORENO:  Good morning, your Honor.  I see

16  Mr. Mohamud is in the courtroom.  Linda Moreno hopefully

17  going to be his counsel.  I don't -- I've never met Mr.

18  Sherif; I don't know if he's in the courtroom.

19             THE COURT:  Okay.  I don't see Mr. Sherif.

20             MR. GELLER:  He just stepped out, your Honor.  He

21  was here earlier, and he --

22             THE COURT:  Very good.  Welcome, Ms. Moreno.

23             MS. MORENO:  Thank you, your Honor.

24             THE CLERK:  Issa Doreh.

25             MR. TROIANO:  Good morning, your Honor.  Kenneth

1   Troiano on behalf of Issa Doreh.  He's present in custody.

2           MR. GHAPPOUR:  Good morning, your Honor.  Ahmed

3   Ghappour hopefully on behalf of Mr. Doreh.

4           THE COURT:  Good morning.  Welcome.

5           THE CLERK:  And Ahmed Nasir Taalil Mohamud.

6           MS. HANOVER:  Good morning, your Honor.  Holly

7   Hanover on behalf of Mr. Mohamud.

8           THE COURT:  Good morning.

9           MS. HANOVER:  He is actually present before the

10  Court.

11          MR. GELLER:  Mr. Moalin is now present before the

12  Court, your Honor.

13          THE COURT:  Okay.  And Mr. Sherif is entering the

14  courtroom.  Gentlemen, please be seated.  Good morning to

15  you.  Okay.  We have a few matters that we need to address

16  today, and the first I think would be the substitutions of

17  counsel desiring to enter the case at this point.

18          I received papers I believe from all of you, and

19  then with respect to defendant Moalin, I've received papers

20  from Ms. Fontier.  Ms. Fontier, I noticed in your notice of

21  motion and motion to substitute in as counsel designated --

22  designated Mr. Joshua Dratel as lead counsel or Dratel; is

23  that --

24          MS. FONTIER:  Dratel.

25          THE COURT:  Okay.  And you as co-counsel.  There's

1  no reference to you coming in as retained counsel, but I

2  assume that you are retained counsel.

3          MS. FONTIER:  Yes, your Honor.

4          THE COURT:  Okay.  All right.  You have no

5  objection, Mr. Geller, I would assume.

6          MR. GELLER:  No, your Honor.

7          THE COURT:  All right.  The motion for substitution

8  of counsel would be granted and is granted at this time.

9  Mr. Dratel is designated as lead counsel, Ms. Fontier as

10 co-counsel.  I assume you're both admitted to practice in the

11 district here; is that correct?

12         MS. FONTIER:  That's correct, your Honor.

13         THE COURT:  Okay.  Very good.  Very good.

14         MR. GELLER:  And, your Honor, for the record, I

15 spoke with Mr. Cole right before court convened, and

16 Ms. Fontier is going to go over to his office, sign the

17 protective order.  We've organized in the last ten days or so

18 all of the discovery and put it into binders, and then I'll

19 just turn it over when --

20         THE COURT:  Okay.  I was going to get to discovery

21 and other matters in just a moment.  I'm just trying to get

22 the status with respect to counsel squared away now, but I

23 appreciate your comments, Mr. Geller.  So, Mr. Geller, I will

24 relieve you at this time of any further responsibility for

25 representing Mr. Moalin.  And we have next for defendant

1    Mohamud, Ms. Moreno.

2              MS. MORENO:  Yes, your Honor.

3              THE COURT:  And, Ms. Moreno, I've been through your

4    papers as well, your motion, and I would grant your request

5    to be substituted in as retained counsel.

6              MS. MORENO:  Thank you.

7              THE COURT:  And Mr. Sherif --

8              MR. SHERIF:  Yes, your Honor.

9              THE COURT:  -- thank you for being here this

10   morning; I do appreciate it.  I'll probably have a few

11   questions of you as well as other counsel who are departing

12   the case, but, Mr. Sherif, you are relieved of any further

13   representation of Mr. Mohamud --

14             MR. SHERIF:  Thank you, your Honor.

15             THE COURT:  -- at this time.  Then we have

16   Mr. Ghappour --

17             MR. GHAPPOUR:  Yes, your Honor.

18             THE COURT:  -- for Mr. Doreh.  And, Mr. Ghappour,

19   I've read your papers as well, and I would grant your motion

20   to be substituted in as retained counsel in this case, and I

21   would relieve Mr. Troiano of any further responsibility of

22   representing Mr. Doreh in this case.  Ms. Hanover, you are

23   continuing on as counsel --

24             MS. HANOVER:  To the best of my knowledge, yes,

25   your Honor.

1          THE COURT:  -- for Mr. Ahmed Mohamud, defendant

2    number 4.  Okay.  Now, with respect to new counsel entering

3    the case, I just want to emphasize one thing.  You're all

4    coming in as retained counsel, and as the saying goes in our

5    district, which was I think first minted by Judge Enright,

6    "in for a penny, in for a pound" -- I know that other counsel

7    familiar with the practice in this district understand

8    that -- so that once -- I would never anticipate resources

9    for retained counsel being, in effect, depleted, but if that

10   be the case, I just want to make it clear for all retained

11   counsel that converting into CJA representation would not --

12   would not be in the cards.  So with that understanding, of

13   course, you're all into the case at this point.

14          I want to discuss the issue of -- well, first of

15   all, coordination between departing counsel and entering

16   counsel, new counsel.  I assume that departing counsel have

17   been able to provide to newly retained counsel all of their

18   files, including all of the discovery material in this case.

19   Mr. Geller, I assume -- you started to go down that path.

20          MR. GELLER:  Well, inasmuch as there was a -- I

21   received a phone call from their office asking them if I

22   could provide them with the discovery.  Inasmuch as there's a

23   protective order that they haven't yet signed, I was unable

24   to do that, but we have organized it.  And I spoke with

25   Mr. Cole this morning, and the plan is is that after court's

1   adjourned, new counsel will go over to their office, sign the

2   protective order.  I requested if they could supply me with a

3   photocopy of the protective order, I would turn over all the

4   discovery I have.

5            THE COURT:  Okay.  Ms. Fontier, is that your

6   understanding as well?

7            MS. FONTIER:  It is, your Honor.  And I haven't

8   spoken directly to Mr. Cole this morning, but I'm sure we can

9   arrange that as soon as this appearance is over.

10            THE COURT:  And then Mr. Sherif --

11            MR. SHERIF:  I will do the same.

12            THE COURT:  Okay.  You're going to do the same.

13   You have not provided materials as of yet, but you will once

14   the protective order is signed?

15            MR. SHERIF:  No, I have not, your Honor.

16            THE COURT:  Okay.  And you'll be doing so after the

17   protective order is signed?

18            MR. SHERIF:  Yes, your Honor.

19            THE COURT:  Okay.  Very good.  And then we have Mr.

20   Ghappour and Mr. Troiano.  And Mr. Troiano, what's the status

21   there with respect to discovery?

22            MR. TROIANO:  I have the discovery.  We have an

23   appointment to provide it today, later in the afternoon.

24   It's my understanding -- I didn't actually sign a protective

25   order -- that it was entered without objection, and that the

1  Court could easily make that applicable to all new counsel

2  right now without any further signature or photocopying.

3            THE COURT:  Make what applicable?

4            MR. TROIANO:  The protective order.

5            THE COURT:  Well, the protective order would be --

6  would apply.  Obviously the protective order binds the

7  defendants and all the defendants' representatives, including

8  all counsel; but I think it is certainly good practice to

9  have all new counsel signing off on the protective order as

10  well, especially if that's going to facilitate the movement

11  of discovery and further discovery being provided to counsel

12  in the case.

13            Okay.  Let's discuss -- well, first of all, I know

14  new counsel coming in, even without the benefit of having the

15  discovery in front of them, are aware that the discovery is

16  relatively substantial, voluminous.  I think during the first

17  couple of hearings we've had, counsel, there have been

18  references to something on the order of approximately a

19  thousand intercepts, conversations intercepted, with -- with

20  counsel for the government indicating that somewhere in the

21  area of 125 or so have been deemed to be material; is that

22  correct, Mr. Cole?  I assume that number is still a fairly

23  viable number.

24            MR. COLE:  Part of it is, your Honor.

25            THE COURT:  Okay.

1          MR. COLE:  We've -- the 120 some-odd calls that we

2  consider most pertinent has not changed, but we have turned

3  over more calls than the initial estimate.  That was our best

4  estimate at the time.

5          THE COURT:  Right.

6          MR. COLE:  We've been trying to make sure we're

7  getting over everything we need to, and so I think the number

8  of calls we've turned over now is around 1800.

9          THE COURT:  Eighteen hundred, okay.

10          MR. COLE:  Now, we -- we need to -- we don't --

11  presently we don't anticipate turning over any other calls

12  unless we missed one -- in other words, if counsel calls and

13  says hey, there's a -- there's supposed to be a file on the

14  disk and it's not there.  We will be doing some quality

15  control that way, so there might be a few calls that we

16  missed, but we -- we believe we've now turned over all the

17  calls we intend to turn over.

18          THE COURT:  Okay.  Very good.  Well, my point being

19  that discovery is fairly substantial here, and I know

20  counsel, newly entering counsel will require some period of

21  time obviously to become familiar with the case and in a

22  sense reach the same status in terms of preparation where

23  departing counsel have arrived at this particular point in

24  time.

25          So I'm here to address any particular issues

1  relative to discovery or other administrative matters that

2  might be of concern to counsel, but if -- if there is nothing

3  further to be addressed specifically in understanding how

4  much discovery needs to be reviewed by counsel, it seems to

5  me that we'll probably need to set the next motion

6  hearing/status conference over for a period of a couple of

7  months I would think.  But before I do that, I'd like to

8  enlist any comments from counsel or concerns.  Yes,

9  Ms. Moreno?

10        MS. MORENO:  Thank you, your Honor.  In speaking

11  with Mr. Cole a few minutes ago, I think on behalf of Mr.

12  Mohamud there was a pending issue about declaring the case

13  complex.  I would be at this point willing to stipulate to

14  that in order to have the record straight.  I don't know if

15  that's actually correct, but I do believe that the case is

16  complex and that would affect timing issues, et cetera.

17        THE COURT:  Well -- and I know Mr. Mohamud, acting

18  through Mr. Sherif, was a little concerned about stipulating

19  to the complexity of the case.  It's been pretty clear to me

20  that the case does meet the criteria of 3161 (h) for a

21  declaration of complexity given the number of defendants and

22  the scope and scale of the case as well as all of the

23  discovery.  I have not actually made that ruling yet; I was

24  going to address that at some point in time.  I know Mr.

25  Sherif was contemplating the issue, and I wanted to give him

1   a little bit more of an opportunity to consider that.  I know

2   all other counsel have in effect acknowledged that this is a

3   proper case for a declaration of complexity.  We've had

4   pending motions the entire time, so obviously the Speedy

5   Trial Act has been tolled for the near entirety of the

6   pendency of this case given the pending motions, but now that

7   everyone is on board with that, I would suggest -- Mr. Cole,

8   if you'd like to take the laboring oar and prepare a written

9   stipulation setting forth the basic elements out of the

10  Speedy Trial Act, out of 3161 (h), for a declaration of

11  complexity, I think that would be appropriate at this point.

12  You could just submit that --

13          MR. COLE:  Yes, your Honor.

14          THE COURT:  -- with signatures all the way around,

15  I'll be happy to sign off on that.  And of course that will

16  have the effect of permanently tolling the Speedy Trial clock

17  until further ordered by the Court.  Thank you, Ms. Moreno,

18  for that.  Any other matters that we need to address of an

19  administrative nature?  Ms. Fontier, any --

20          MS. FONTIER:  I have nothing further, your Honor.

21          THE COURT:  Okay.  Mr. Ghappour?

22          MR. GHAPPOUR:  Nothing further, your Honor.

23          THE COURT:  Okay.  Ms. Hanover?

24          MS. HANOVER:  Well, your Honor, given the fact that

25  I'm the only remaining appointed counsel in the case, I think

1 | there's going to be some budgetary issues that I will

2 | seriously need to adjust, and I will have to file an amended

3 | petition -- request with the Court at some point, so --

4 |        THE COURT:  That's fine.  And I'm sure you'll be

5 | working with Ms. Rutledge of the Circuit on that.

6 |        MS. HANOVER:  I will be in contact with her.

7 |        THE COURT: Very good.  Very good.  Okay.  Well, if

8 | there's nothing further then, let us arrive at a date for our

9 | next status conference here.  I'm suggesting something a few

10 | months out, which would bring us to June.  I would suggest

11 | either June 3 or June -- well, let's make this on an off day.

12 | I would suggest Thursday, June 2 or Thursday, June 16.

13 | Any -- any preferences, counsel?

14 |        MS. MORENO:  I would prefer the 16th.  And a

15 | question, your Honor, if I may.  This would be a status

16 | conference date to determine a motions date in the future

17 | for --

18 |        THE COURT:  If the case is at that posture because

19 | if there's a consensus that the case is still not ready to

20 | set a motion date, then I'd certainly take that under

21 | consideration, that particular concern under consideration.

22 | But if between now and June, whatever date we do set in June,

23 | counsel are pretty much at the point where they feel they've

24 | reviewed all the discovery and can file motions and secure a

25 | motion hearing date, I'd be happy to set a motion hearing

1   date at that time.  Okay.  Any other -- any other preferences

2   as to the dates I've mentioned, the 2nd or the 16th?

3            MS. HANOVER:  The 16th is fine with me, your Honor.

4            THE COURT:  Okay.

5            MS. FONTIER:  The 16th is fine with me as well.

6            MR. GHAPPOUR:  That's okay with me.

7            THE COURT:  All right.  The 16th --

8            MR. COLE:  Yes, your Honor.  That's fine.

9            THE COURT:  All right.  Well, let's set this then

10  for June 16, which is a Thursday, and we'll make it at nine

11  o'clock.  Your pending motions are continued to that date.

12  Time is excludable under the Speedy Trial Act between today

13  and June 16 as a result.

14            And Mr. Sherif, Mr. Troiano, Mr. Geller, thank you

15  very much for all of your professionalism and courtesies

16  during the time you've been in the case.  I don't imagine

17  I'll see you again on this case in the future, but once

18  again, I do thank you for the cooperation you extended to

19  each other, the government, and the Court.  Appreciate it.

20            MR. GELLER:  Thank you, your Honor.

21            MR. SHERIF:  Thank you, your Honor.

22            MS. MORENO:  Your Honor, I have an additional --

23            THE COURT:  Yes, Ms. Moreno?

24            MS. MORENO:  -- request if I may.  Because I am

25  out-of-town counsel and I'm trying to exploit as much time as

1   I have these few remaining days while I'm here with my

2   client, is there any way that I could request that my client

3   at least be returned to prison as early as possible today so

4   I can go and work with him this afternoon?  I know the

5   vagaries of the situation in terms of returning prisoners

6   back; it depends on --

7              THE COURT:  And this is a very impacted district,

8   Ms. Moreno; I'm sure you are aware of that or, if not --

9              MS. MORENO:  I'm a former public defender from

10  California.  I have a sense of it, your Honor.

11             THE COURT:  Okay.  And we really do take our cue

12  from the marshals.  I would -- I would appreciate -- in light

13  of your comment and your need to see Mr. Mohamud, I would

14  certainly appreciate whatever the marshals can do in terms of

15  expediting Mr. Mohamud's transport back to -- where is he

16  currently being housed?

17             DEPUTY U.S MARSHAL:  He's at MCC, your Honor.  I

18  can put him directly into interview so he can go directly

19  downstairs and you can just go see him.

20             THE COURT:  Thank you, Pat.  That's appreciated.

21             MS. MORENO:  I appreciate that.

22             THE COURT:  Okay.  Very good.  Very good.  Okay.

23  Thank you.  We'll see you back here in June if not before.

24       (The proceedings were concluded.)

25

1                        Certificate of Reporter

2

3    I hereby certify that I am a duly appointed, qualified, and

4    acting Official Court Reporter for the United States District

5    Court; that the foregoing is a true and correct transcript of

6    the proceedings had in the mentioned cause on the date or

7    dates listed on the title page of the transcript; and that

8    the format used herein complies with the rules and

9    requirements of the United States Judicial Conference.

10

11   Dated February 25, 2014 at San Diego, California.

12

13                        /s/ Debra M. Henson   (electronic)
                          Debra M. Henson
14                        Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25