**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. BASAALY SAEED MOALIN, AKA Basal, AKA Muse Shekhnor Roble, Defendant-Appellant. | No. 13-50572 D.C. No. 3:10-cr-04246-JM-1 Southern District of California, San Diego ORDER |
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. MOHAMED MOHAMED MOHAMUD, AKA Mohamed Khadar, AKA Sheikh Mohamed, Defendant-Appellant. | No. 13-50578 D.C. No. 3:10-cr-04246-JM-2 |
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ISSA DOREH, AKA Sheikh Issa, Defendant-Appellant. | No. 13-50580 D.C. No. 3:10-cr-04246-JM-3 |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff-Appellee,<br><br>      v.<br><br>AHMED NASIR TAALIL MOHAMUD,<br><br>            Defendant-Appellant. | No.   14-50051<br><br>D.C. No. 3:10-cr-04246-JM-4 |

Before: BERZON and NGUYEN, Circuit Judges, and ZOUHARY,[*] District Judge.

The United States' Unopposed Motion for a Retroactive 60-Day Extension to File Its Petition for Rehearing or Rehearing En Banc (Dkt. 91) is GRANTED. The United States' Petition for Rehearing or Rehearing En Banc (Dkt. 88) is reinstated and deemed filed.

BERZON, J., dissenting:

I would deny the motion for a retroactive extension.

The government filed a Petition for Rehearing or Rehearing En Banc that was late by 60 days, without having requested an extension of time. It now requests a retroactive extension of time. The explanation submitted with that request states that the government understood the appellants' motion for an extension of time as applying to all parties, and our order as granting an extension

---

[*] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

2

for all parties. That explanation is simply not plausible.

In support of its understanding, the government states that our order "was not limited to petitions filed by appellants," and quotes only the latter part of the order, as granting "a sixty-day extension of time to file a petition for rehearing and suggestion for rehearing en banc." Dkt. 91 at 2. But the full text of our order *was* limited to appellants, and to a single petition, not several. It said: "Appellants' motion . . . for a sixty-day extension of time to file a petition for rehearing and suggestion for rehearing en banc, is granted." Dkt. 87. The appellants' motion we granted nowhere asked for an extension for all parties, just for appellants. Dkt. 86.

The representations made in the government's explanation in support of its understanding of our order are thus completely inaccurate. The court must expect more from experienced lawyers for the Department of Justice than misleading partial quotations and facially erroneous paraphrases. No lawyer who actually read the underlying motion or our order could come away with the government's professed understanding.

I would consider another motion for a retroactive extension that provided a truthful account of the reasons for the government's error in failing to seek a timely extension. I cannot agree to grant this one.